## AMELIA HALL ET AL. v. CITY OF AUSTIN.

### Decided March 18, 1903.

**1.—Practice in Trial Court—Dismissal for Want of Prosecution.**

The action of a court in dismissing a case for want of prosecution and refusing a motion to reinstate it will be sustained in the absence of a showing that the court abused its discretion.

**2.—Same.**

Facts attending the dismissal of a case, shown in motion for reinstatement, considered and held not to show error, the call for trial occurring while plaintiff was temporarily called from the room to attend to her child and her counsel, detained by important business on the way, arrived in court fifteen minutes after dismissal.

**3.—Dismissing Case—Calling at Court House Door.**

There is no law or rule making it necessary to have parties or counsel, absent when a case is reached for trial, called at the courthouse door before dismissing for want of prosecution.

Error from the District Court of Travis. Tried below before Hon. F. G. Morris.

Amelia Hall and husband sued the city of Austin, and appealed from a judgment dismissing the case.

*John Dowell,* for plaintiff in error.

KEY, ASSOCIATE JUSTICE.—In the court below, this case was dismissed for the want of prosecution. On the day following the order of dismissal, the plaintiffs filed a motion asking to have that order set aside and the case reinstated.

In support of the motion the plaintiffs made an affidavit, stating, in substance, that they resided about nine miles from the courthouse in the city of Austin; that the plaintiff Amelia Hall reached the courtroom at about 10 o'clock a. m. on the day the suit was dismissed; that while waiting for the case to be called, it became necessary for her to go down stairs to give attention to her infant child; that when she returned, she learned from her son Edward Hall that the case had been dismissed; that she would not have left the courtroom had it not been for her child, and did not leave the courthouse building; that if she was called at the courthouse door by the sheriff, she did not hear the call; that she was not gone from the courtroom more than ten or fifteen minutes, and that the plaintiffs had a just and meritorious case.

Edward Hall filed an affidavit corroborating Mrs. Hall's statement, except that he stated that the case was called while his mother was absent, but he did not know what disposition the court made of it.

The plaintiffs' attorney filed an affidavit stating that he reached his office about 9 o'clock a. m. on the day that the case was dismissed, and found the plaintiffs there ready for trial; that about fifteen minutes before ten o'clock he instructed them to go to the courthouse and be on hand, and that he would follow them at once; that his office was about

four or five hundred yards from the courthouse; that he left his office immediately after the plaintiffs did and went by the First National Bank of Austin; that he was detained by the officers of the bank on important business that "he could not neglect;" that he left the bank for the courthouse a few minutes before 10 o'clock and went direct to the courtroom; that he inquired if the docket had been called, and was informed that it had, and that the case at bar had been dismissed about fifteen minutes before that time; that it was then about twenty or twenty-five minutes after 10 o'clock; that he informed the court that the plainttiff's were ready for trial, and the court declined to call the case; that his absence was not intentional, and that he tried to be there when the court opened.

The deputy sheriff who waited on the court made affidavit that when the case was dismissed he did not call the plaintiffs Amelia Hall and Sidney Hall, as he was not ordered to do so.

The court below overruled the motion to reinstate, and the plaintiffs have brought the case to this court by writ of error.

In the absence of a statutory prohibition, every court has the power to dismiss a suit for the want of prosecution; and unless it be shown that the exercise of that power has been abused, such action is not subject to revision on appeal. Another rule equally as well settled is that when an appealing litigant charges a trial judge with an arbitrary and unjust exercise of discretionary power, the burden rests upon such litigant to fully develop the transaction, and affirmatively show such abuse of discretion. In other words, the presumption is that the action of the trial court in this case was just and proper, and unless the facts established by the testimony referred to show the contrary, the plaintiffs in error are not entitled to relief in this court.

After carefully considering the record, and analyzing the testimony submitted in support of the motion, our conclusion is that plaintiffs in error have failed to show an abuse of judicial discretion on the part of the trial judge.

In the first place, neither the testimony nor anything else in the record shows at what hour the court convened on the day that the case was dismissed. For aught that appears in the record, the court may have met at 9 o'clock, called the case five minutes thereafter, passed it and called it again at 10 o'clock. Except the deputy sheriff, none of the witnesses who testified was present in the courtroom until about 10 o'clock; and therefore they could have no actual knowledge as to what occurred before they arrived. Neither the order of dismissal nor the affidavit of the deputy sheriff states at what particular time of the day the case was called, nor whether it was called more than once, nor the particular time of day when the order of dismissal was entered.

The plaintiffs' counsel states in his affidavit that about twenty or twenty-five minutes after 10 o'clock the court informed him that the case had been dismissed about fifteen minutes before. Therefore, conceding all the facts stated in the affidavits to be true, it may nevertheless be a fact

that the court waited an hour or more on the plaintiffs' counsel; and if it did, it certainly can not be held to have abused its discretion in refusing to wait longer and dismissing the case for want of prosecution. However, in saying this we do not wish to be understood as holding that any court should wait for an hour for litigants or attorneys, to appear when their cases are called. Each case must be controlled by its own conditions, and whether the court should permit any delay at all, and the extent of such delay, must depend upon the peculiar circumstances of the particular case.

In the second place, an inspection of the pleadings satisfies us that Mrs. Hall could not have tried the case in person, and that it was necessary to the prosecution of her case that her counsel should be present. Therefore, if it be conceded that she sufficiently excused her own absence, the question remains as to whether or not the excuse offered for the absence of her counsel was sufficient.

It is necessary, in order to properly dispatch the business of courts, and it is also a duty resting upon attorneys, that the latter be present when their cases are called, and a strong showing ought to be made to excuse the absence of an attorney on such an occasion. In the case at bar, the affidavit of the plaintiff's attorney shows that he reached his office about 9 o'clock in the morning. It does not show that he was otherwise engaged until he started to the courthouse, which was at least forty-five minutes after 9 o'clock. For aught that appears in his affidavit, the business at the bank could have been easily attended to in that forty-five minutes, thereby enabling him to reach the court room at or before 10 o'clock. Furthermore, it is not shown that the nature of the business at the bank was such that it could not have been postponed. The affidavit states that the business was important, and such as counsel could not neglect, but it is not always the case that important business is neglected by being postponed. The business may have been of such a character that it could have been attended to at the noon recess, or on some other day, equally as well as at the time it was attended to.

In reference to the contention that before dismissing the case, the plaintiffs and their counsel should have been called at the courthouse door, it is sufficient to say that we know of no statute or other rule of law requiring such action. In some courts, it may be customary to pursue that course, but it is not shown that any such custom prevailed in the court from which this writ of error is prosecuted. Furthermore, while it is shown that the plaintiffs were not called at the courthouse door, no such showing was made as to their counsel. It was of more importance that he should be there than anyone else on the plaintiffs' side, and, for aught that appears, he may have been duly called before the case was dismissed.

For the reasons stated, our conclsion is that no reversible error is shown, and the judgment is affirmed.

*Affirmed.*