### FOUGA v. FOUGA. (No. 6415.)

(Court of Civil Appeals of Texas. San Antonio. May 19, 1920.)

Appeal and error ⬅361(5), 409—Defects in petition and citation of error held to require dismissal.

Where a petition for a writ of error alleged that the judgment was recovered December 16, 1919, that the number of the cause was B–22068, that the motion for new trial was overruled January 27, 1920, but the record showed that the judgment was recovered December 22, 1919, that its number was B–22168, and that motion for new trial was overruled January 26, 1920, and where the citation in error gave a different description of the judgment from that in the petition, showing that it was rendered in the thirty-seventh district court instead of the seventy-third, and also failed to properly describe the judgment, as required by Rev. St. 1911, art. 2091, the cause

will be dismissed on account of such defects in the petition and citation.

Error from District Court, Bexar County; J. T. Sluder, Judge.

Suit by Amparo Cruz Fouga against Bernardo Fouga for divorce. Decree for plaintiff, and defendant brings error. Dismissed.

Leonard Brown and L. J. Gittinger, both of San Antonio, for plaintiff in error.

FLY, C. J. This is a writ of error sought to be prosecuted from a decree of divorce granted appellee by the district court of the seventy-third district. The judgment was recovered on December 22, 1919, but is described in the petition for writ of error as having been rendered on December 16, 1919. In the petition the number of the cause is given as "B–22068"; in the judgment as "B–22168." In the petition it is alleged that the motion for new trial was overruled on January 27, 1920, while the record shows that it was overruled on January 26, 1920. No description of the judgment is given, except by names of the parties, the number, and date, and the last two are incorrect. What the judgment was rendered for is not disclosed by the petition. The statute requires that a petition for writ of error shall state the names and residences of the parties adversely interested, and that the judgment shall be so described as to identify it. Article 2068. The residence of plaintiff in error was not stated, and there is no description of the judgment, except by number and date, and they are not supported by the record.

Article 2091, Revised Statutes, requires the citation in error to run in the name of "the state of Texas," with its date; that it shall be directed to the sheriff or any constable of any county where the defendant in error is alleged to reside or be; that it shall state the date of the filing of the petition in error, the names of the parties, and the description of the judgment given in the petition. The citation gives a different description of the judgment from that given in the petition, showing that it was rendered in the thirty-seventh district court, instead of the seventy-third; that it was rendered at the November term of the thirty-seventh district court, on December 16. The citation shows that the judgment was for divorce, which fact is not disclosed in the petition, and the decree shows that not only was a divorce given, but the custody of a child awarded.

On account of the defects in the petition and citation of error, the cause is dismissed.