## FOX v. FIRST NAT. BANK OF HOUSTON.
### (No. 9345.)

Court of Civil Appeals of Texas. Galveston.
Dec. 13, 1929.

Heidingsfelder & Kahn and R. H. Ward, all of Houston, for appellant.

Boyles, Brown & Scott and Pat N. Fahey, all of Houston, for appellee bank.

Fulbright, Crooker & Freeman and T. H. Cody, all of Houston, for appellee Crooker.

PLEASANTS, C. J. This appeal is from an order of the trial court dismissing the suit of appellant.

The record discloses that in a suit brought by the Island Oil & Transport Corporation against the First National Bank of Houston and E. Strauss involving the ownership of a fund in the possession of the bank, the appellant intervened, setting up a claim to a portion of the fund.

Some time after the answers of the defendants and the plea in intervention had been filed, the then district judge, on August 27, 1928, dismissed the entire suit for want of prosecution.

The appellant Fox, during the term of the court at which the suit was dismissed, placed in the hands of the clerk of the court a motion to set aside the order of dismissal and reinstate the case upon the docket of the court. This motion was granted on December 1, 1928, which was within the term of the court at which the order of dismissal had been made. At the next term of the court, on January 9, 1929, appellee filed and presented a motion asking that the order of December 1, 1928, reinstating the cause, be held for naught and stricken from the docket, on the ground that no motion for a new trial or to reinstate the cause having been filed within 30 days after the entry of the order of dismissal, such order of dismissal became a final judgment under the provisions of article 2092, subdivision 30, Revised Statutes (1925), and the district judge was without power or authority to thereafter grant a motion to reinstate the cause. The motion further alleges that no notice was given of the motion to reinstate and that the order of reinstatement was made wholly ex parte without any hearing thereon by the other parties to the cause.

Upon the hearing of this motion, on January 11, 1928, the court below made and entered the following order, from which this appeal is prosecuted:

"On this 11th day of January, 1929, upon consideration of the motion of the defendant, the First National Bank of Houston, Texas, defendant in the above entitled and numbered cause, seeking to have declared a nullity the purported order of December 1st, 1928, undertaking to reinstate the above entitled and numbered cause, the court, after hearing the pleadings of the parties, and considering the evidence adduced thereon, and the argument of counsel thereon, is of the opinion and finds:

"That on the 27th day of August, 1928, this court, by order entered in Vol. 27, page 39, of the minutes of this court, dismissed said above entitled and numbered cause for want of prosecution; that no motion for a new trial

was filed in said cause within ten (10) days thereafter; that no motion or pleading of any character was filed in said cause within thirty (30) days from and after the entry of said judgment, to-wit, August 27, 1928; that by reason of the provisions of Article 2092 of the Revised Statutes of the State of Texas, and particularly by reason of the provisions of subdivision 30 of said article, this court was without jurisdiction from and after the expiration of thirty days from the entry of said judgment of dismissal on August 27, 1928, to entertain or consider any motion or pleadings of any character in said cause, and that said court was from and after the expiration of thirty days from the entry of said order on the 27th day of August, 1928, without jurisdiction in any respect with reference to said dismissed cause.

"It is, therefore, considered by the court, ordered, adjudged and decreed, that said judgment of August 27, 1928, dismissing said cause for want of prosecution, is the final judgment in said cause; and that said purported order of December 1, 1928, undertaking to reinstate said cause is null and void, and of no force and effect whatever.

"It is further ordered that the clerk of this court do, pursuant to the terms of said judgment of August 27, 1928, drop said cause from the docket of said court."

There are four district courts in Harris county (Eleventh, Fifty-fifth, Sixty-first, and Eightieth), the territorial jurisdiction of each being coextensive with the county boundaries. The statute provides that each of these courts shall hold two terms a year. The first term, designated the January—June term, begins on the first Monday in January of each year and ends on the Sunday before the first Monday in July; and the second term, designated the July—December term, begins on the first Monday in July and ends on the Sunday before the first Monday in January, following.

The record discloses that the original order of dismissal was not made upon the motion of any party to the suit, but upon the initiative of the then judge of the court in which the suit was pending as an administrative act of the court, and for the purpose of clearing the docket and to prevent its incumbrance by cases in which none of the parties had demanded a trial. This case was included in a list of cases which had remained upon the docket in this condition for some time. The only notice given appellant of the intention of the court to dismiss his suit was its inclusion in a published list of cases which the court ordered dismissed unless sufficient cause was shown for allowing it to remain upon the docket. This published notice was not seen by appellant or his attorney, and as soon as they learned of the order of dismissal the motion to reinstate was presented to the judge ordering the dismissal, and was granted, and the order of dismissal set aside and the cause reinstated. This occurred during the term of the court in which the order of dismissal was made.

We cannot bring ourselves to believe that subdivision 30 of article 2092 of the Revised Statutes (1925) should be given the construction placed upon it by the trial court. The inherent power or jurisdiction of a court, in the absence of some statutory restriction, to correct any error it may have made during the term of court in which the order of correction is made, has always been recognized and upheld by our Supreme Court. Blum v. Wettermark, 58 Tex. 127; Cohen v. Moore, 101 Tex. 45, 104 S. W. 1053; Townes v. Lattimore, 114 Tex. 514, 272 S. W. 435; Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 48 A. L. R. 355.

The provisions of the statute referred to in the order of the trial court are as follows: "30. Judgment final, when.—Judgments of such civil district courts shall become as final after the expiration of 30 days after the date of judgment or after a motion for a new trial is overruled as if the term of court had expired. After the expiration of thirty days from the date the judgment is rendered or motion for new trial is overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review in other district courts."

It seems clear to us that the sole purpose of this statute is to limit the time in which an appeal can be prosecuted from a judgment of a district court in those districts affected by the statute, by providing that the judgment "shall become as final after the expiration of thirty days after the date of the judgment or after a motion for new trial is overruled, as if the term of court had expired." This provision of the statute was necessary in order to prevent an unreasonable delay to a litigant in reaping the fruits of his victory in a suit won by him in a court the term of which extends for six months, but should not be extended to hamper and restrict the authority of the court in the exercise of its administrative functions which do not affect the merits of the case.

The request or motion of appellant to reinstate the case cannot be regarded as a motion for a new trial in the purview of this statute. A "new trial" is thus defined: "A, rehearing of the legal rights of the parties upon disputed facts, before another jury, granted by the trial court, or a reviewing on the application of the party dissatisfied with the result of the previous trial, upon a proper case being presented for the purpose. 4 Chit. Prac. 30; 2 Graham & Waterman on New Trials, 32."

The above quotation is taken from Cyclopedic Law Dictionary.

In the case of In re Dean's Estate, 149 Cal. 487, 87 P. 13, 16, it is held in effect that a motion to set aside an order of dismissal is not a motion for a new trial.

It follows from what we have said that the judgment should be reversed and judgment here rendered for appellant, and it has been so ordered.

Reversed and rendered.