THE FIRST NATIONAL BANK OF HOUSTON AND JOHN H. CROOKER V. E. L. FOX ET AL.

No. 5668.   Decided June 10, 1931.
(39 S. W., 2d Series, 1085.)

*Boyles, Brown & Scott, Pat N. Fahey* and *Fulbright, Crooker & Freeman,* all of Houston, for plaintiffs in error.

The order, or judgment, dismissing this cause entered August 27, 1928, is such a final judgment as that the court, in the absent of a motion to set it aside filed within thirty days from August 27, 1928, had no jurisdiction thereafter to set it aside except upon bill of review for sufficient cause. Revised Statutes, art. 2092, sec. 30; Phil H. Pierce Co. v. Watkins, 114 Texas, 153, 263 S. W., 905; Green v. Green, 288 S. W., 406.

Where a case pending in the district court of Harris county, Texas, is dismissed on August 27, 1928, and said judgment of dismissal becomes final an ex parte application to re-instate said case after such judgment becomes final is without any validity and any order of the court re-instating such a case is void. Hudgins v. Meeks Co., 1 S. W. (2d) 681.

*Heidingsfelder & Kahn* and *R. H. Ward,* all of Houston, for defendants in error.

As to the meaning of "Final and Final Judgments and Decrees," see Words & Phrases, Subject "Final Decrees," vol. 3; Hanks v. Thompson, Admr., 5 Texas, 6; West v. Bagby, 12 Texas, 34; Linn v. Arambould, 55 Texas, 611.

On the proposition that the trial court, during the term, has absolute control of its record, see Blum v. Wettermark, 58 Texas, 127; Garza v. Baker, 58 Texas, 487; Reeves v. State, 4 S. W. (2d) 50; Cohen v. Moore, 101 Texas, 45.

For decisions construing article 2092, and section or subdivision 30 thereof, Revised Statutes of 1925, see the following cases: Townes v. Lattimore, 114 Texas, 511, 272 S. W., 435; Diamond Ice & Cold Storage Co. v. Strube, 115 Texas, 515, 284 S. W., 935; Kansas City Mo. Ry. Co. v. Caubel, 286 S. W., 480; Goldenrod Oil Co. v. Golden West Oil Co., 293 S. W., 167; Bell v. Cobb, 292 S. W., 1116; Nevitt v. Wilson, 116 Texas, 29, 285 S. W., 1079.

Mr. Judge SHARP of the Commission of Appeals, delivered the opinion for the court.

This suit originated in one of the civil district courts of Harris county and results from the dismissal of a suit filed in that court on the 5th day of June, 1919. On August 27, 1928, the trial court dismissed the case for want of prosecution. No motion or pleading of any character was filed in the case within thirty days from and after the order of August 27, 1928. A motion to reinstate, bearing no file mark, was placed with the

papers in the case about January 7, 1929. The motion to reinstate had been handed to the judge or the clerk sometime in October and the direction to reinstate was given by the judge about that time. The entry was actually made, however, on January 7, 1929, the day after the expiration of the term of court during which the orders dismissing and reinstating the case was made. On January 9, 1929, the First National Bank of Houston filed a motion praying that the purported order of December 1, 1928, undertaking to reinstate the case, be stricken from the docket and held for naught, and that the order of dismissal be given effect and re-affirmed, on the ground that no motion for new trial or to reinstate the case was filed within thirty days from and after the entry of the order of dismissal; and that the order of dismissal from and after the expiration of thirty days became a final judgment, as provided by article 2092, section 30, of the Revised Statutes. On January 11, 1929, the court granted the motion, held that the court was without jurisdiction to grant the order of reinstatement, dated December 1, 1928; that the judgment of dismissal was the final judgment in the case; that the order of reinstatement was void; and ordered the clerk to drop the cause from the docket. An appeal was made to the Court of Civil Appeals at Galveston and that court reversed the judgment of the trial court and rendered judgment overruling the motion made to set aside the order of reinstatement and ordered that the reinstatement order of December 1, 1928, remain in full force and effect. 23 S. W. (2d) 888. The Supreme Court granted a writ of error to review the holding of the Court of Civil Appeals upon this question.

The statement of facts filed herein contains the following admission of the parties:

"It is admitted by all parties that the former term of this court ended on January 6, 1929, and that the entire minutes of that term of court into which the clerk has undertaken to carry the purported docket entry of December 1, 1928, are still unsigned by the trial judge, and it is further admitted by all parties that no motion or pleading of any character was filed in the case within thirty days from and after the order of August 27, 1928, dismissing such cause for want of prosecution."

Upon the hearing of the motion to set aside the order of reinstatement, dated December 1, 1928, and restore the order of dismissal entered on August 27, 1928, the trial court entered a judgment, the material and relevant parts thereof reading as follows:

"On this 11th day of January, 1929, upon consideration of the motion of the defendants, the First National Bank of Houston, Texas, * * * seeking to have declared a nullity the purported order of December 1st, 1928, undertaking to reinstate the above entitled and numbered cause, the court, * * * is of the opinion and finds:

" 'That on the 27th day of August, 1928, this court, by order * * * dismissed said above entitled and numbered cause for want of prosecution; that no motion for a new trial was filed in said cause within ten (10) days thereafter; that no motion or pleading of any character was filed in said cause within thirty (30) days from and after the entry of said judgment, to-wit, August 27, 1928; that by reason of the provisions of Article 2092 of Revised Statutes of the State of Texas, and particularly by reason of the provisions of Section 30 of said Article, this court was without jurisdiction from and after the expiration of thirty days from the entry of said judgment of dismissal on August 27, 1928, to entertain or consider any motion or pleadings of any character in said cause, and that said court was from and after the expiration of thirty days from the entry of said order on the 27th day of August, 1928, without jurisdiction in any respect with reference to said dismissed cause.

" 'It is, therefore, considered by the court, ordered, adjudged and decreed, that said judgment of August 27, 1928, dismissing said cause for want of prosecution, is the final judgment in said cause; and that said purported order of December 1, 1928, undertaking to reinstate said cause is null and void, and of no force and effect whatever.

" 'It is further ordered that the clerk of this court do, pursuant to the terms of said judgment of August 27, 1928, drop said cause from the docket of said court.' "

The Court of Civil Appeals, in its opinion with reference to the district courts of Harris county, says:

"There are four district courts in Harris County (11th, 55th, 61st, and 80th), the territorial jurisdiction of each being coextensive with the county boundaries. The statute provides that each of these courts shall hold two terms a year. The first term, designated the January-June term, begins on the first Monday in January of each year and ends on the Sunday before the first Monday in July; and the second term, designated the July-December term, begins on the first Monday in July and ends on the Sunday before the first Monday in January, following."

■ Plaintiffs in error contend that since no motion or pleadings of any character was filed in the cause within thirty days after the entry of judgment of dismissal of the cause entered on August 27, 1928, the trial court, because of the provisions of section 30 of article 2092, R. S., was without jurisdiction from and after the expiration of thirty days from the entry of the judgment of dismissal to consider any motion or pleadings with reference to the dismissed cause.

This contention is sustained.

In response to a public demand, the Legislature, for the purpose of relieving the congested condition of the dockets in many of the district courts of this state, enacted article 2092, R. S. Among many other provisions it contains the following:

"Judgments of such civil district courts shall become as final after the expiration of 30 days after the date of judgment or after a motion for a new trial is overruled as if the term of court had expired. After the expiration of thirty days from the date the judgment is rendered or motion for new trial is overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review in other district courts."

The foregoing article 2092 is applicable to the civil district courts of Harris county.

■ It is a well established rule that in the absence of a statutory prohibition, every court has the power to dismiss a suit for want of prosecution. 9 R. C. L., p. 206, sec. 25; 18 C. J., 1191-1192, sec. 110; Hall v. City of Austin, 93 Texas, 591, 73 S. W., 32.

■ It is also well settled that a judgment of dismissal is considered a final judgment. Green v. Green, 288 S. W. (Com. App.), 406; Eddleman v. McGlathery, 74 Texas, 280, 11 S. W., 100.

■ The rule is equally well settled that a court is without power, except when specially conferred by statute, to grant a new trial at a subsequent term of the court to that at which the judgment was rendered and that an order attempting to do so is void. Pierce Company v. Watkins, 114 Texas, 153, 263 S. W., 905; Green v. Green, 288 S. W. (Com. App.), 407; Carter v. Commissioners of Van Zandt County, 75 Texas, 286; Eddleman v. McGlathery, 74 Texas, 280; Wright v. Thomas, 6 Texas, 420, 424.

In the case of Eddleman v. McGlathery, 74 Texas, 280,

Judge Gaines, speaking for the court, states the rule in the following terse language:

"The appellant brought this suit in the court below. At the second term of the court after its institution he forwarded to the clerk an application for continuance, but neither he nor his attorney having appeared when the cause was called for trial the court dismissed the suit for want of prosecution. At the next succeeding term of the court he filed a motion for a reinstatement of the cause upon the docket and for a new trial, which was stricken out on motion of the defendant. From this last order this appeal is taken.

"In the view we take of the case we deem it unnecessary to discuss the contents of the motion for a new trial. The judgment of dismissal at the former term was a final judgment, and it is a well settled rule of practice in this State that after the adjournment of the term at which such a judgment is rendered it is no longer subject to the control of the trial court. Rogers v. Watrous, 8 Texas, 62; Metzgar v. Wendler, 35 Texas, 378."

■ This brings us to a consideration of section 30 of article 2092, R. S. We are not without judicial authority upon this question. Our Supreme Court, in a well considered opinion written by Associate Justice Pierson, in the case of Pierce Co. v. Watkins, 114 Texas, 153, reviewed this section of the foregoing article and held that it was valid. In discussing the provisions of this section it was held:

"If said statute is a valid and constitutional enactment, and if its terms apply to this judgment, relator is entitled to the writ. Under the provisions of Chapter 105 a motion for new trial filed more than thirty days after the entry of a judgment would be as one filed after the term of court had expired. The only remedy would be, as in similar cases and as provided by said Chapter, by a bill of review."

In the course of the opinion the following language is also used:

"The law is a valid exercise of legislative authority and well designed to have a wholesome effect upon the dispatch and finality of litigation in the courts in our congested centers. Legislative prerogative has always extended to fixing the time when judgments become final and the time when the necessary steps in the procedure must be taken.

"While the Act is a departure from the former regulations respecting motions for new trial, when the judgment becomes final, and other matters of procedure, yet its terms are reason-

able and generous. Instead of two days, as heretofore allowed, ten days are allowed in which a motion for new trial may be filed. It may be amended within twenty days after it is filed. The judgment does not become final until after the expiration of thirty days from the date of the judgment, or after a motion for new trial was overruled, at which time the term of court is at an end as far as the immediate case is concerned.
"* * *

"When the court adjourns, or when the term expires by operation of law, judgments become final and can be set aside or reopened only by a suit for that purpose."

Again it was said:

"If the term had ended by adjournment at any time after the rendition of the judgment, this judgment would have become final. It is no less final upon the end of the term for this case under the terms of the new statute.

"The only legal way to review it is the way provided by this statute, and which would be the way in the absence of the statutory provision after the judgment had become final, that is by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review.

"The Act here operated prospectively. Its provisions had no effect upon the action of the court in entering the judgment. It applied only to future acts of the court in reference to the judgment, and as to when the court's control over it should cease.

"No motion for new trial was filed under the old or new statute, and the judgment became final as if the term of court was at an end."

But it is contended that the opinion rendered by the Supreme Court in the case of Nevitt v. Wilson, 116 Texas, 29, is in conflict with the opinion rendered in the case of Pierce Company v. Watkins, supra. A comparison of the two opinions, considered in the light of the facts involved in each case, will clearly show that this contention is not sound. Judge Pierson, in rendering the opinion in the case of Pierce Company v. Watkins, had under consideration section 30 of article 2092, and its effect upon the procedure prescribed therein. This article was held valid. The case of Nevitt v. Wilson involved the power of the trial court to set aside a judgment inadvertently entered by the clerk, which was not the actual judgment rendered by the court. The further question was raised and considered by the court as to whether or not a motion for new trial had been timely filed. Chief Justice Cureton held in that opinion, in line with the

former holdings of the Supreme Court, that the trial court had the power to enter the correct judgment and make the record speak the truth. He also held that by reason of filing a motion for a new trial within the time prescribed by statute that the court had jurisdiction of the case to pass upon that motion later. In that case the exact question before the Supreme Court in the case of Pierce Company v. Watkins, and before the court in this case, was not before the court for consideration or decision. Chief Justice Cureton did not intend to modify the rule announced by Judge Pierson in the case of Pierce Company v. Watkins and expressly so stated in the following language:

"The case of Phil H. Pierce Co. v. Watkins, 114 Texas, 153, 263 S. W., 905, has no application to the case before us. In that case the motion for new trial was not filed within the statutory time."

For the reasons herein stated, the judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.