## KNIGHT v. LAWSON.
### No. 11576.

Court of Civil Appeals of Texas. Dallas.
Jan. 12, 1935.

Vess E. Jones and W. H. Reid, both of Dallas, for appellant.

Pat S. Russell and Horace C. Bishop, both of Dallas, for appellee.

BOND, Justice.

This is an appeal from a judgment, sustaining a plea of privilege and transferring the cause to the district court of Red River county, Tex.

The plea of privilege is sworn to by the defendant's attorney, attesting that the "plea is true in substance and in fact," and recites that the defendant "is not now and was not at the institution of this suit, nor at the time of the filing of this plea, a resident of the County of Dallas, the county in which this suit was instituted and is now pending, but is now and was at the time of the institution of this suit and at the time of the service of process on him and of the execution and filing of this plea, a resident of the County of Red River, State of Texas, where he then and now resides, and that no exception to exclusive venue in the county of one's residence provided by law exists in this cause." The jurat to the plea is dated March 8, 1933, and the plea filed on April 8, 1933; the suit was filed in the district court of Dallas county, Tex., on January 3, 1933: citation served on defendant in Red River county, Tex., on March 16, 1933; the cause was dismissed for want of prosecution on April 4, 1933, and reinstated on May 8, 1933; and the judgment sustaining the plea of privilege was entered May 16, 1933.

On April 29, 1933, the plaintiff filed what is denominated "plaintiff's controverting affidavit to defendant's plea of privilege," which contains general and special exceptions, and, in substance, recites that, prior to the institution of the suit, the defendant represented to plaintiff's attorney he was a resident of Dallas county, Tex., and held himself out to be such resident, thereby inducing the plaintiff to institute the suit in Dallas county, and that, if in fact the defendant did not reside in Dallas county, the

false and fraudulent representation, acted upon by the plaintiff, estops the defendant to deny the venue of the suit.

The cause reaches this court without a statement of facts; therefore, the issues involved must be determined by the recitals in the plea of privilege, as evidently was done by the trial court, unless the matters assigned as errors may be considered on the exceptions filed to the plea of privilege. In this respect, however, the record does not reveal any action of the trial court on which plaintiff predicates the assignments as to the insufficiency of the plea of privilege. The contentions urged by appellant are that, the plea bears a date of execution prior to the date of service of process, and that the matters alleged are not shown to be "within the knowledge of" the affiant true and correct; therefore, being no citation issued and served on the defendant prior to the date of the attached affidavit, March 8, 1933, and the insufficient affidavit averment, the plea presents no issue as to the residence of defendant not being in Dallas county on March 16, 1933, the date of service of process in the cause.

■ Article 2007, Revised Statutes 1925, provides that "plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue. If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending." Obviously, the controverting affidavit does not comply with the quoted statute, it is not sufficient to controvert any allegation as to the residence of the defendant recited in the plea of privilege. At most, the answer to the plea of privilege could only be deemed a plea in bar, a misrepresentation of a fact, which cannot be determined on the allegations, in the absence of a statement of facts.

■■ The plea of privilege, in our opinion, presents the issues within the terms of the statute; it is in writing and sworn to, and the defendant claims the privilege to be sued in the county of his residence, Red River, and is sufficient to prima facie present that he was not at any time prior to the filing of the plea a resident of Dallas county, or the venue of the cause was in that county. Aside from that, rules of pleadings, like all other rules of jurisdictional procedure, are primarily intended as aids in investigating and determining the substantial rights of litigants, and the failure to strictly observe such rules will not be considered by an appellate court, unless exceptions thereto are taken at the proper time. Objections to the pleadings that might have been ruled to be improper and informal may have been amended to meet the objections. On the status of the record, this court cannot consider plaintiff's exceptions to the form of the plea of privilege, where the statutory venue issues are clearly presented. Therefore the trial court's action in sustaining the plea of privilege and transferring the cause comes clearly within the purview of the law, and is not subject to attack for the first time on appeal as to a matter of form, which clearly could have been cured by an amendment.

■ Appellee, by cross-assignment, challenges the jurisdiction of this court to entertain this appeal because the trial court had lost jurisdiction of the cause prior to its action on the plea of privilege. Indeed, if the trial court did not have jurisdiction, this court has none.

The assignment is based solely on the transcript of the record.

On April 4, 1933, the suit, in which the plea of privilege was filed, had been dismissed for want of prosecution, and, on May 6, 1933, more than 30 days after the entry of the judgment, the judgment of dismissal was set aside, and the cause reinstated on the docket of the court. The contention is here made that, the judgment of dismissal having become final before the order of reinstatement was made, the trial court, under the rules of practice and procedure governing civil district courts in counties such as Dallas (article 2092, § 30, R. S. 1925), was without authority to set the judgment of dismissal aside and entertain the venue proceedings.

■ The act provides that "after the expiration of thirty days from the date the judgment is rendered or motion for new trial is overruled, the judgment cannot be set aside except by bill of review for sufficient cause, filed within the time allowed by law for the filing of bills of review in other district courts." Rev. St. 1925, art. 2092, § 30. It is the settled law of this state that a judgment becomes final after the expiration of 30 days from the time of judgment, or after a motion for new trial is overruled to the same extent as if the term of court had expired, and that the only method of setting aside such judgment is by bill of review for sufficient cause filed within the time prescribed by law, and, in the absence of a time-

ly motion, the district court is without power to reinstate the cause after dismissal for lack of prosecution. First National Bank of Houston et al. v. Fox et al. (Tex. Sup.) 39 S.W.(2d) 1085.

In the view we take of this cross-assignment, we deem it unnecessary to discuss the applicability of the above special practice act and the cited authority; suffice to relate that this is not an appeal from any action of the court in reinstating the dismissed cause. This question, not having been raised in the court below, in the absence of a showing properly presented here, this court is unable to determine that the finality of the judgment of dismissal was not extended by appellant in filing a timely motion for new trial, or a bill of review; the presumption of law is in favor of the jurisdiction of the court to enter the judgment collaterally attacked. In order to successfully attack the jurisdiction of the court below, or to urge the invalidity of its judgments in this court, the record must affirmatively show that no statutory contingency exists whereby the court could have entertained jurisdiction of the cause, or that it lost jurisdiction by force of the 30-day limit to set the dismissed judgment aside. Every presumption must be indulged in favor of the action of the court.

The judgment of reinstatement recites that "Upon application of plaintiff and for good reason shown the order heretofore made on the 4th day of April, 1933, dismissing this cause for the want of prosecution, be and the same is hereby set aside and said cause is reinstated upon the docket of this court." The recital, "on application of the plaintiff and for good cause," imports that the limit or finality of the judgment was extended in the manner prescribed by law, in that a timely motion for a new trial or a bill of review was filed, and the court's action thereon reflected by the judgment. In our opinion, the recitals afford sufficient basis for the presumption that the court had jurisdiction of the cause, and to overcome this presumption it devolved upon the appellee attacking the judgment to show that no contingency existed whereby the date when the judgment of dismissal may have become final was not extended. The record disclosing that one motion for a new trial had been filed and afterwards withdrawn does not, in itself, conclusively show that another timely motion was not filed, or that a bill of review was not presented, calling for the action of

the court in entering the judgment. Therefore, in the absence of proof to the contrary, we must give absolute verity to recitals of the judgment that it was entered "on application of the plaintiff," timely filed.

The cross-assignment is overruled, and, what has been said, we conclude that the judgment of the trial court sustaining the plea of privilege should be affirmed, and it is so ordered.

Judgment affirmed.