## STATE v. PERKINS et al.
### No. 6118.

Court of Civil Appeals of Texas. Texarkana.
Oct. 5, 1944.

Rehearing Denied Nov. 2, 1944.

Grover Sellers, Atty. Gen., and Eugene Alvis, Jesse Owens, and Ocie Speer, Asst. Attys. Gen., for appellant.

C. M. Smithdeal, of Dallas, and Long & Wortham and O. B. Fisher, all of Paris, for appellees.

WILLIAMS, Justice.

This injunction action brought under the provisions of Article 1, Section 29, of the Texas Liquor Control Act by the State of Texas, Vernon's Ann.P.C. Art. 666—29, acting by and through the Texas Liquor Control Board, appellant here,

against S. B. Perkins, doing business as Gibralter Hotel, L. B. Campbell, Sr., Nathan Savage, J. S. McClinton, and five others unnecessary to name, was dismissed December 27, 1943. Appellant appeals from a decree of the trial court dated January 5, 1944, wherein said court overruled plaintiff's motion filed December 30, 1943, to set aside the order of dismissal and reinstate the case.

Appellant, under points presented, contends that the trial court erred when the main suit was dismissed on December 27th, because (1) on said date the only matter for consideration before the court was plaintiff's application for a temporary injunction, that is, whether to refuse or to grant a temporary injunction; (2) the cause had not been regularly set for trial; and (3) the trial court abused his discretion in dismissing the suit and refusing to reinstate same.

In the petition, which was verified, the state prayed that notice issue to the above defendants to appear and show cause why a temporary injunction should not be granted against them, temporarily enjoining and restraining them from maintaining a nuisance, as that term is defined by the Texas Liquor Control Act, on the premises of the Gibralter Hotel, and from unlawfully selling or possessing for the purpose of sale on the premises intoxicating beverages and from knowingly permitting said premises to be used as a place for such purposes until the further order of this court. Plaintiff further prayed that: "Said defendants be cited to appear and answer herein as required by law, and that on final hearing hereof on the trial of said cause on its merits, that the plaintiff have judgment against the defendants and each of them abating said nuisance and permanently and perpetually enjoining and restraining them * * * from maintaining * * * a nuisance at and on said premises * * * and that this Honorable Court order said building to be closed and padlocked for a period of one year from final date of said judgment * * *."

This petition was presented to the District Court of the Sixth Judicial District, who on November 29, 1943, affixed his fiat, which reads:

"It appearing from the facts therein that the applicant is entitled to have said cause set down for hearing at an early date, and that notice of hearing of plaintiff's application for temporary injunction should issue:

"It is accordingly ordered that the clerk of this court issue notice to the defendants * * * (naming them) * * * commanding them * * * to appear before the judge of this court * * * on the Monday next after the expiration of 20 days after service of notice, at 10:00 A. M., to show cause, if any they have, why a temporary injunction should not be granted on such petition, effective until the further orders of this court, which show cause order shall be accompanied by a true, correct and certified copy of the above * * * petition and Judge's fiat attached thereto."

Thereupon process was issued which commanded each of the defendants to "appear and answer the plaintiff's petition at or before 10:00 A. M. of the Monday next after the expiration of 20 days from the service hereof" before the Honorable District Court of Lamar County at the Courthouse in Paris, Texas." The process issued in all respects complied with the provision of Rule 101, Texas Rules of Civil Procedure, with respect to the contents of a citation. A certified copy of the petition attached to above citation also contained the judge's fiat, above set out. No notice was issued or served upon any defendants to appear and "show cause why a temporary injunction should not be granted," unless the contents of above citation together with copy of petition and judge's fiat attached thereto should be construed as a "show cause notice." Service being had for the length of time and in the manner required by law, Monday, December 27, 1943, which was in term time of said court, became and was appearance day for all the defendants except Savage and McClinton. Rule 237, Texas Rules of Civil Procedure. The latter two were never served, being then and now residents of California.

█ Under the record as above detailed, the court was clothed with legal power on December 27, 1943, to have then heard that portion of plaintiff's petition which prayed for a permanent injunction and enter a decree pursuant to his or the jury's findings based on the facts developed in such a trial. The petition stated a cause of action and also contained a prayer for such relief. Citation in the manner and for the length of time required by law had been obtained. Such date was during a

regular term of court. The two party defendants not served were not necessary parties, having theretofore been discharged from service. They owned no interest in the premises. Injunctive relief, to abate an alleged nuisance, was the main, if not the sole objective of this suit. We see no reason, none here being advanced, why the trial court should have conducted a hearing on an application for a temporary injunction and then later upon substantially the same record conducted a hearing at the same term on an application for permanent injunction, when, as above observed, the latter hearing could be heard in the first instance. From what has been above stated, we are not in accord with appellant's position that the court was without legal authority to dismiss the action on December 27th on the ground that the only matter for consideration before the court was the application for a temporary injunction.

■ We understand Rules 245, 246 and 247, Texas Rules of Civil Procedure, are applicable to those cases which have been placed upon the trial calendar and were inapplicable to the instant cause as reflected by this record. Under the provisions of Rule 237 and the other observations above noted, December 27th became appearance day for the defendants served; and on this date, under Rules 238 and 239, the suit was subject to call for trial unless otherwise disposed of under the provisions of Rule 245, supra. Above rules do not require that every case filed on the docket be regularly set for trial, but apply to those where the provision of Rule 245 are timely invoked by litigants.

Defendants Perkins and Campbell, who were the owner and manager, respectively, of the Gibralter Hotel, appeared in person and by their respective counsel on December 27th, announced ready for and demanded a trial. The other defendants, who were former bell boys employed at the hotel, did not appear. The state made no appearance. Defendants Campbell and Perkins then moved that the suit be dismissed for want of prosecution. The dismissal order after reciting above facts and after a hearing by the court on said motion to dismiss, the answers and requests of defendants, "ordered, adjudged and decreed that plaintiff's petition and suit for injunction be and such suit is hereby dismissed for want of prosecution."

The decree entered January 5, 1944, which denied plaintiff's motion to set aside above dismissal order, recites appearance of the parties and announcement of ready on the hearing of the motion to set aside the dismissal and on the special exception of said defendants to the motion to reinstate. The following portions of the latter decree, pertinent to a clear understanding of appellant's contention that it was an abuse of discretion by the court to refuse the motion to reinstate, reads: "And it appearing to the Court that the plaintiff did not appear on December 27, 1943, but wholly made default, and that defendants S. B. Perkins and L. B. Campbell, Sr., did appear before this Court on said date in obedience to the process issued from this Court, and did announce themselves as being ready and able to show why the plaintiff's petition should be denied, and further, that they were the only defendants who could be affected by the granting of the injunction prayed for, the other defendants, who at one time were employed as bell boys at the Gibralter Hotel, having been discharged long before this suit was filed and never re-employed, except that Robert Morgan was re-employed and put to work as a bus boy in the coffee shop, in which position he has remained ever since his re-employment, and it further appearing that plaintiff's motion to reinstate contains no allegations of fact sufficient to excuse the plaintiff, the Texas Liquor Control Board, or the attorneys for the plaintiff from appearing in court on December 27, 1943, to prosecute this suit, it is therefore the opinion of the Court that the order dismissing this suit for want of prosecution should stand, and it is ordered that the special exceptions of defendants S. B. Perkins and L. B. Campbell, Sr., to said motion filed herein by the plaintiff to set aside the order of dismissal made on December 27, 1943, be sustained, and that said motion be in all things denied."

It appears from the allegations in the motion to reinstate that appellant's attorney was prevented from appearing on December 27, 1943, on account of bad weather, crowded condition of railroad and bus transportation due to the holiday season, and inability of this attorney to use his own car on account of rationing restrictions of gasoline allotted to employees of the Liquor Control Board. It also appears from the allegations that plaintiff's attor-

ney was in transit on Sunday, December 26th, ·from attendance in court at Wichita Falls to Austin. It is made to appear from other pleadings and statements in the briefs that defendant Perkins and his attorney traveled from Dallas to Paris on December 26th; that it is a shorter distance from Wichita Falls to Paris than from the former place to Austin; and that the telephone or telegraph service was not used to advise appellees or the court of inability to be present.

 "It is an inherent right of the court, existing independently of statute, and exercised within a sound discretion, to dismiss a suit for failure to prosecute it with due diligence. * * * The exercise of the right of the court to dismiss a case from its docket should not be interfered with unless it clearly appears that its discretion to dismiss and discontinue the case has been abused." 15 T.J. p. 281; 27 C.J.S., Dismissal and Nonsuit, § 71, p. 251; First National Bank v. Fox, 121 Tex. 7, 39 S.W.2d 1085, 1086; Cardwell v. Cardwell, Tex.Civ.App., 145 S.W. 2d 635; Hall v. City of Austin, 31 Tex. Civ.App. 626, 73 S.W. 32; 3 T.J. pp. 1036, 1038.

 Another trial court may have entertained a different view of ·the matter presented and in his discretion may have granted such motion to reinstate. The dismissal of the suit was without prejudice. Under the facts as disclosed by this record, we are not in a position to hold as a matter of law that such court abused his discretion in overruling the motion to reinstate.

The judgment is affirmed.