**Sam GELFOND, Appellant,**

v.

**M. LEVIT, Appellee.**

**No. 14445.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 19, 1966.

R. Robert Lozana, San Antonio, for appellant.

Collins B. Cook, Robert Caruth, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by M. Levit against Sam Gelfond, based upon an account in the sum of $1,781.11, less a payment in the sum of $700.00, leaving a balance due of $1,081.11. Gelfond answered denying the account.

The case was heard before the court without a jury and resulted in judgment in favor of Levit against Gelfond in the sum of $601.38, together with interest and court costs, and for the further sum of $200.00 as attorney's fees. Gelfond has prosecuted this appeal.

There are no "points" set out in appellant's brief, but appellant did file a motion for new trial in the trial court, based upon the following:

"1. The set off of interest, commissions and money due to Defendant as the balance due from a loan to Plaintiff is of approximately the amount alleged to be owing by defendant, by plaintiff, and is still due.

"2. That Plaintiff has a balance due to Defendant in the sum of $200.00 dollars, and that said balance was revived and remains unpaid, said revival being in writing by plaintiff.

"3. That there is evidence that was omitted due to the books that were being read from by Plaintiff, not coming within the scope of the shop book rule."

If these contentions present anything for consideration by this Court, they are matters involving evidence which would require a study of the statement of facts, and there is no statement of facts. Appellant did not file a statement of facts, but on page 15 of the transcript we find a statement signed by the trial judge in which he sets out some of the evidence heard by him. It is labeled a "STIPULATION OF FACTS" but does not show by whom the stipulation was made, and it is not signed by the parties, only by the trial judge. The judge does not certify that this statement contains all of the evidence introduced. The statement does not show anything that could be classified as a bill of exception. Appellant did not file any formal bills of exception.

The statement signed by the trial judge is not a judge's statement of facts, such as is provided for by Rule 377, Texas Rules of Civil Procedure. It is not an agreed statement of facts, and is not a bill of exception.

The brief does not contain a single "point" on which appellant relies to reverse the judgment, and does not comply with the provisions of Rule 418, T.R.C.P., in any way.

In view of the fact that there was no statement of facts filed, no bills of exception, formal or otherwise, and no "points" in appellant's brief, we can do nothing but affirm the judgment of the trial court. Koonce v. City of Mesquite, Tex.Civ.App., 382 S.W.2d 309; Burnett v. Meletio, Tex.Civ.App., 351 S.W.2d 912; Nuse v. Kormeier, Tex.Civ.App., 351 S.W.

2d 382; Armstrong v. West Tex Rig Co., Tex.Civ.App., 339 S.W.2d 69.

 In the absence of a statement of facts, the reviewing court is required to assume that there was evidence to support the trial court's finding, McKnight v. Renfro, Tex.Civ.App., 371 S.W.2d 740, and every presumption must be indulged in favor of the trial court's findings and judgment. Platzer v. Platzer, Tex.Civ. App., 383 S.W.2d 260.

The judgment is affirmed.