Leon **FINLEY**, Appellant,

v.

Charlie **FINLEY** et al., Appellees.

No. 254.

Court of Civil Appeals of Texas.

Tyler.

Dec. 1, 1966.

Rehearing Denied Jan. 12, 1967.

Second Rehearing Denied Feb. 2, 1967.

Patterson, McDaniel, Moore & Browder, Bennett B. Patterson, Ross D. Margraves, Jr., Houston, for appellant.

A. R. Mason, Angleton, for appellees.

MOORE, Associate Justice.

This is an appeal by writ of error from a judgment of dismissal. Appellant, Leon Finley, filed suit in the court below for a bill of review, seeking to review a judgment of partition which had theretofore been entered by the trial court on January 19, 1965. When the matter came on for trial, appellant failed to appear and as a result the trial court entered judgment against him dismissing his suit for the want of prosecution, reciting as follows:

"ON THIS THE 16th day of August, 1965, came on to be heard the petition on Bill of Review filed herein by Defendant, Leon Finley, and came the Plaintiffs in person, and by their attorney of record, and the Defendant, though duly, legally and regularly notified of the date and time of such hearing, as required by the rules of this court, failed to appear and wholly made default; and a jury being waived and matters of facts and things in controversy being submitted to the court in their regular order and it appearing to the court that Plaintiffs are entitled to the following judgment; it is ORDERED, ADJUDGED and DE-CREED by the court that the petition on Bill of Review filed herein by the Defendant, Leon Finley, be and the same is hereby dismissed for want of prosecution. * * *"

Appellant did not file a motion for new trial, nor did he make any effort to have the trial court reinstate the case on the docket. In fact, no action was taken in the matter until February 4, 1966, at which time appellant filed this petition for writ of error.

The record is before us by transcript only, without a statement of facts.

While appellant's points of error are rather general in nature, we gather that he seeks a reversal on the ground that the trial court abused his discretion in dismissing his petition for Bill of Review.

The well settled rule governing dismissals for want of prosecution is that, even without statutory authority, a court has the right to dismiss a suit for failure to prosecute with due diligence. The matter rests in the sound discretion of the trial court. Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85.

Unless it be shown that the exercise of that power has been abused, such

action is not subject to revision on appeal. The burden of proof rests upon a litigant asserting abuse of discretion to develop the transaction and affirmatively shows such abuse of discretion. In other words, the presumption is that the action of the trial court in this case was just and proper, and unless there is some testimony showing to the contrary, the appellant is not entitled to relief in this court. Hall v. City of Austin, 31 Tex.Civ.App. 626, 73 S.W. 32.

■ Since appellant failed to offer any testimony in this connection and since there is nothing in the face of the record showing an abuse of discretion, it is our conclusion that the appellant has failed to sustain his burden of proof.

■ Moreover, we think the record affirmatively shows a lack of diligence on the part of appellant. Approximately three weeks prior to the date the cause was set for trial, appellant's attorney withdrew from the case. At the time of trial, he had no attorney of record. Thus, the record shows that appellant not only failed to appear at the hearing, but failed to employ an attorney to represent him. For this reason, we think the record affirmatively shows a lack of diligence on the part of appellant.

■ Dismissal is the proper order when one fails to prosecute his claim with reasonable diligence. First Nat. Bank of Houston v. Fox, 121 Tex. 7, 39 S.W.2d 1085.

■ Appellant's brief contains numerous other points of error complaining of the judgment of partition dated January 19, 1965. We are at a loss to understand how, on this appeal, this court would have any jurisdiction over that judgment. The petition for writ of error describes only the judgment dated August 16, 1965, dismissing appellant's bill of review.˙ As we understand the law, the scope of our review on this appeal is limited to a review of the judgment complained of in the petition. Rule 360, Texas Rules of Civil Procedure; Fouga v. Fouga, 221 S.W. 1117 (Tex.Civ. App.) In any event, however, we would be without jurisdiction over the partition judgment in view of the fact that the petition for bill of review was not filed within six months after the date of the rendition of the judgment of partition. Article 2255, Vernon's Ann.Tex.Civ.St. Consequently, this court is without jurisdiction to pass upon the assignments of error leveled at that judgment.

For the reasons stated, we have concluded that no reversible error is shown and the judgment must be affirmed.

Affirmed.

## ON MOTION FOR REHEARING

In his motion for rehearing, the appellant urges that we erred in holding that the appeal related only to that portion of the judgment dated August 16, 1965, dismissing the bill of review, because the judgment not only dismissed the bill of review for lack of prosecution but also permanently enjoined appellant from interfering with, or going on, the lands awarded appellees in the partition decree. Appellant seems to take the position that we intentionally ignored the fact that the judgment also granted an injunction against appellant. Contrary to appellant's contention, we did not overlook or ignore this facet of the case. Our reason for failing to discuss the injunctive feature of the case was because we were unable to find any point of error in appellant's brief specifically attacking that portion of the judgment. Although appellant's original brief contained nine lengthy, argumentative and multifarious points of error, all in violation of Rule 418, T.R.C.P., none of the points related to the injunctive feature of the case. In fact, the word "injunction" is not even mentioned in the points of error. Most of appellant's brief appears to have been devoted to an attack upon the decree of partition dated January 19, 1965, the validity

of which is not before us on this appeal. Be that as it may, however, the default judgment of August 16, 1965, in addition to dismissing the bill of review, also enjoined appellant as follows:

" * * * It further appearing to the court that Plaintiffs are entitled to the possession and use of 18.08 acres of land according to the judgment heretofore entered by this court in this cause on the 19th day of January, 1965, said 18.08 acres of land being shown on the plat made a part of such judgment and designated as Plat No. 2, and that the Plaintiffs are entitled to a permanent injunction, enjoining the Defendant, Leon Finley from molesting, harassing or inflicting any physical violence upon the Plaintiffs and Plaintiffs' agents and employees when they enter upon or occupy or use said 18.08 acre tract of land, and from interfering in any manner with the Plaintiffs' use of such land and the fencing of same; it is therefore ORDERED, ADJUDGED and DECREED by the court that the temporary injunction heretofore issued by this court on the 19th day of April, 1965, be and the same is hereby made permanent, and Defendant is hereby perpetually enjoined from and he shall desist from such acts."

In view of the fact that the above judgment disposes of both the suit for bill of review and the suit for injunction, perhaps it should be pointed out that both suits were filed under the same docket number as that given the original suit for partition. As a result, both the bill of review and the injunction were disposed of in one judgment.

As we understand appellant's contention on motion for rehearing, he asserts that the judgment enjoining him from going on the land is void because there is fundamental error apparent on the face of the record. In this connection he argues that the decree of partition dated January 19, 1965, is not a final judgment because at the time the judgment was rendered, he had on file a pleading in the case setting up a cause of action in trespass to try title and that the effect of this pleading prevented the rendition of a judgment of partition, or at least prevented the judgment from ever becoming final. Consequently, he reasons that at the time of the injunction, the title to the land was in dispute and therefore the action of the court in enjoining him from going on the land amounted to an adjudication of title and since these matters are apparent on the face of the record, fundamental error is presented. This contention appears to us to be without merit.

■ In the first place, the record does not reveal whether the petition in trespass to try title was filed in the case before the rendition of the judgment of partition. In the second place, we do not believe it would make any difference whether such partition was filed either before or after the rendition of the judgment. The fact remains that the trial court rendered a decree of partition on January 19, 1965, and insofar as this record shows appellant never filed a motion for new trial or perfected an appeal from that judgment. The judgment therefore became final at the expiration of thirty days from the date thereof. Rule 329–b, T.R.C.P.

■ As pointed out in our original opinion, this case is before us without a statement of facts and without findings of fact and conclusions of law. It is well settled that where there is no statement of facts, it will be presumed that there was evidence to support the trial court's judgment, Burnett v. Meletio (Tex.Civ.App.), 351 S.W.2d 912; Gelfond v. Levit (Tex. Civ.App.), 398 S.W.2d 659, and every presumption must be indulged in favor of the trial court's findings and judgment. Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363.

■ We find nothing in the record indicating fundamental error, and there being no statement of facts, we must presume

that there was evidence before the court to support the judgment for injunctive relief as prayed for by appellees.

Appellant's motion for rehearing is overruled.