Vernis **FULMER**, Appellant,

v.

C. H. **BARFIELD**, Appellee.

No. 642.

Court of Civil Appeals of Texas, Tyler.

May 11, 1972.

Rehearing Denied June 1, 1972.

**414**

Holt & Tatum, Marion G. Holt, Nacogdoches, for appellant.

David D. Adams, Nacogdoches, for appellee.

DUNAGAN, Chief Justice.

This is an appeal by appellant (plaintiff below) from an order of the trial court dismissing his cause of action against the appellee for expenses incurred and paid by said appellant, who was an attorney at law, in connection with his representation of appellee in a damage suit.

The record is before us by transcript only, without a statement of facts. The transcript includes the trial court's docket sheets pertaining to this case. There are no findings of fact or conclusions of law.

Appellant's cause of action was instituted in the County Court of Nacogdoches County on December 20, 1967. Appellee filed his answer thereto on January 4, 1968. It appears from the record that there was no other activity in the case until October 1, 1971, at which time the case had been set for trial and notice of such setting given all parties on the 9th day of September, 1971. It is not shown as to whether the setting was made at the request of either of the parties or by the court on his own motion. When the case was called for trial on October 1, 1971, nearly four years after the filing thereof, appellant announced not ready and advised the court he had a motion for continuance ready to file, which he filed and presented to the trial court. The motion was overruled and said action is not here complained of. Appellee then filed his motion to dismiss the cause of action for want of prosecution and for other reasons. The trial court on the same day (October 1, 1971) granted appellant's motion for dismissal. The order of dismissal states that "after hearing argument of both counsel and argument of Plaintiff, Vernis Fulmer, the court is of the opinion that the case should be dismissed."

Appellant did not file a motion for a new trial, nor did he make any effort to have the trial court re-instate the cause on the docket.

The record does not show that this case was ever set for trial except at the time appellee filed his motion to dismiss appellant's cause of action on October 1, 1971.

The record does not disclose that any evidence was offered upon the hearing of appellee's motion for dismissal.

Appellant has two points of error to the effect that the trial court erred in dismissing his cause of action.

One who files a petition must prosecute his claim with reasonable diligence, and if he does not, the court has an inherent power to dismiss the claim for want of diligence and prosecution, even without statutory authority. The matter rests in the sound discretion of the trial court. Finley v. Finley, 410 S.W.2d 818 (Tex. Civ.App., Tyler, 1966, writ ref., n. r. e.); Pollok v. McMullen Oil & Royalty Co., Inc., 383 S.W.2d 837 (Tex.Civ.App., San Antonio, 1964, writ ref.); Payne v. City of Tyler, 379 S.W.2d 373 (Tex.Civ.App., Tyler, 1964, writ ref., n. r. e., Tex., 383 S.W. 2d 804); Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85 (1957); Callahan v. Sta-

ples, 139 Tex. 8, 161 S.W.2d 489 (Tex. Com.App., 1942); First Nat. Bank of Houston v. Fox, 121 Tex. 7, 39 S.W.2d 1085 (1931); McDonald, Texas Civil Practice, 17.18.

Appellant makes no allegation explaining or offering any excuse to give justification for his failure to bring his cause of action to conclusion in the almost four years it was on file. In Payne v. City of Tyler, supra, we said "the rule is now well established that where a party to the suit has the duty to proceed with the prosecution of the suit with reasonable diligence, a delay of unreasonable duration, if not sufficiently explained, will raise a conclusive presumption of abandonment and will authorize the trial court to exercise his discretion in dismissing the suit." Unless it be shown that the exercise of that power has been abused, such action is not subject to revision on appeal. Hall v. City of Austin, 31 Tex.Civ.App. 626, 73 S.W. 32 (1903, n. w. h.); Finley v. Finley, supra.

The matter of dismissal of a suit for want of diligence in prosecution rests in the sound judicial discretion of the trial court subject to review. It is not an unbridled discretion, but a judicial discretion subject to review, and upon review, the question is whether there was a clear abuse of discretion by the trial court. That is a question of law. Petroleum Refining Company v. McGlothlin, 429 S.W.2d 676 (Tex. Civ.App., Eastland, 1968, writ ref., n. r. e.); Reed v. Reed, 158 Tex. 198, 311 S.W.2d 628 (1958); Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489 (Tex.Com.App., 1942); Howeth v. Davenport, 311 S.W.2d 480 (Tex.Civ.App., San Antonio, 1958, writ ref., n. r. e.); Kilpatrick v. Norby, 302 S. W.2d 492 (Tex.Civ.App., San Antonio, 1957, n. w. h.); Routh v. City of San Antonio, 302 S.W.2d 452 (Tex.Civ.App., Eastland, 1957, n. w. h.); and Pollok v. McMullen Oil & Royalty Co., Inc., supra.

The burden of proof rests upon a litigant asserting abuse of discretion. In other words, the presumption is that the action of the trial court in this case was just and proper, and unless there is some testimony showing to the contrary, the appellant is not entitled to relief in this court. Hall v. City of Austin, supra; Finley v. Finley, supra.

Since appellant failed to offer any testimony in this connection and since there is nothing in the face of the record showing an abuse of discretion, it is our conclusion that the appellant has failed to sustain his burden of proof.

In his brief appellant points out to this court the statement in his motion for continuance, that should the motion be overruled he would proceed to trial even though he could not be present in court.

It is now the established law that a suit may be dismissed for lack of diligence in its prosecution in the past, although the plaintiff's objection to the dismissal at the hearing thereof manifests his intention to prosecute it to judgment. The fact that appellant had no intention to abandon his suit cannot be made a ground for charging an abuse of discretion by the trial court. Pollok v. McMullen Oil & Royalty Co., Inc., supra; Petroleum Refining Company v. McGlothlin, supra; Reed v. Reed, supra; Bevil v. Johnson, supra; Denton County v. Brammer, 361 S.W.2d 198 (Tex.Sup., 1962).

Dismissal is the proper order when one fails to prosecute his claim with reasonable diligence. Finley v. Finley, supra; First Nat. Bank of Houston v. Fox, supra.

It is our opinion, from an examination of the entire record in this case, that there is no showing of a clear abuse of discretion in the trial court's action in dismissing this suit because of appellant's failure to prosecute it with diligence.

Having disposed of this appeal on appellant's first point of error, we do not reach or consider his remaining point.

Judgment affirmed.