**GOSSETT, Banking Commissioner, et al., v. SCOFIELD et al.**

No. 2245.

Court of Civil Appeals of Texas. Waco.

June 6, 1940.

Morrow & Calvert, of Hillsboro, for plaintiffs in error.

Frazier & Averitte, of Hillsboro, for defendants in error.

ALEXANDER, Justice.

This is an appeal from an order of the trial court dismissing plaintiffs' suit. The record discloses that the entry of the order of dismissal was not made at the request of either party, nor because of any lack of prosecution, but because of certain alleged equities in favor of the defendants, of which the trial judge claimed to be familiar, but which were not disclosed by him at the time of the entry of the order. To be more specific, the trial judge seems to have been of the opinion that the plaintiff banking commissioner had failed to properly and timely prosecute suits against others who were indebted to the defunct bank, whose assets were being administered by him, and that, by reason thereof, he should not be permitted to maintain this suit against these defendants, who were also alleged to be indebted to said bank. None of these so-called equities were disclosed at the time the order of dismissal was entered.

In the first place, the alleged equities, if shown, would not have justified the dismissal of the suit; and in the second place, no proof was made of the existence of such alleged equities at the time the order of dismissal was entered. In the case of Barrow, Wade, Guthrie & Co. v. Stroud, Tex.Civ.App., 125 S.W.2d 365, we held that a trial judge was not authorized to take into consideration facts concealed within the secret recesses of his bosom and not shown by the record or otherwise disclosed at the trial in determining whether or not an order of dismissal should be entered. Such procedure, if permitted, would allow a trial judge to arbitrarily dismiss a suit without any reasonable opportunity on the part of the injured party to show on appeal that the trial judge had abused his discretion.

We are of the opinion that there were no facts before the trial court that authorized the dismissal of the suit. The judgment of the trial court is therefore reversed and the cause is remanded for a new trial.