STATE OF TEXAS V. S. B. PERKINS ET AL.

No. A-374. Decided February 14, 1945.
Rehearing overruled March 14, 1945.
(185 S. W. 2d Series, 975.)

*Grover Sellers,* Attorney General, *Eugene Alvis, Jesse Owens* and *Ocie Speer,* Assistants Attorney General, for petitioner.

It was error for the trial court to dismiss the case for want of prosecution because plaintiff failed to appear on the day designated by the court to answer the application for a temporary injunction and before the case had been regularly set for trial, and the only matter before the court, if any, being plaintiff's prayer on motion for temporary injunction—purely an interlocutory order. It was also error on the part of the Court of Civil Appeals in affirming same. Baudette v. City of El Paso, 247 S. W. 895; First National Bank of Houston v. Fox, 39 S. W. (2d) 1085; Cardwell v. Cardwell, 145 S. W. (2d) 635; Rules of Civil Proc. 245 to 247.

*C. M. Smithdeal,* of Dallas, for respondent.

Respondent having not only been charged with being a criminal but with having conspired with notorious negro bootleggers in Lamar County to make a career of selling liquor in violation of law, thereby forfeiting his right to possess and operate valuable hotel property, which was threatened to be padlocked and its use enjoined for a year, was entitled to be heard without delay, a right which plaintiff could not deprive him by purposely failing to attend court at the appointed time without showing indifference to slanderous and unwarranted charges made against respondent and without impliedly making such an admission of guilt as to justify the court in rendering some kind of judgment by default against petitioner. Tolle v. Tolle, 101 Texas 33, 104 S. W. 1049; Houston v. Jennings, 12 Texas 487; Rules of Civil Procedure, 99, 101, 237 to 247 and 681.

MR. JUDGE TAYLOR, of the Commission of Appeals, delivered the opinion for the Court.

This was a suit for temporary injunction and for further relief upon a hearing on the merits. The question involved is whether the trial court erred in dismissing this cause for want of prosecution prior to service on all of the defendants, and before a setting and call thereof for trial on the merits.

The theory upon which the trial court acted in dismissing the entire cause was that the plaintiff had abandoned the prosecution of its suit. The court's action was taken upon the basis of the following facts: "On November 29, 1943, the State through its Liquor Control Board, represented by its attorney general, presented to the district court its petition praying that notice be issued to S. B. Perkins, the Gibraltar Hotel, L. B. Campbell and eight other named defendants, to appear and show cause why they, and each of them, should not be temporarily enjoined from maintaining on the hotel premises an alleged nuisance, as that term is defined by the State Liquor Control Act, and from violating other specified provisions of the Act "Until the further order of this court." The applicant in addition to seeking and praying for a temporary injunction, sought also, and accordingly prayed, "that said defendants be cited to appear and answer herein as required by law, and that *on final hearing hereof on the trial of said cause on its merits,* that the plaintiff have judgment against the defendants, and each of them, abating said nuisance and *permanently and perpetually enjoining them * * *,* from violating the provisions of the Texas Liquor Control Act in any way or manner on and at the premises herein set out * * *, and that this honorable court order said building * * * closed and padlocked for * * * one year * * * or until such time as the owner * * * or lessee thereof shall give bond * * for not less than $1,000.00, conditioned as required by law, and for costs of suit * * *."

The trial court, on presentation of the petition, affixed his fiat (dated November 29, 1943) ordering, among other things, the issuance by the clerk of *"notice of hearing of plaintiff's application for temporary injunction,"* notifying the "defendants, * * *, and to each of them, to appear before the judge of this court * * *, on the Monday next after the expiration of 20 days after service of such notice, at 10:00 A. M. to show cause, if any they have, why a *temporary injunction* should not be granted on such petition, *effective until the further orders of the court."* (All emphasis ours). The court also directed in his fiat that such *"show-cause* order be accompanied by a * * * certified copy of the * * * petition and judge's fiat * * *."* The clerk, accordingly, on the day the petition was filed, issued a

show-cause notice to defendant Perkins, to which was attached, in compliance with the court's order, a copy of the petition, together with the fiat thereon, setting the hearing *for the temporary writ applied for*. On the following day (November 30, 1943) such notices were issued to the other defendants, respectively. All except four (Perkins and Campbell and two others) were served with the notice on November 30th. Perkins and Campbell were served December 1st. Two of the defendants had not been served at the time the court dismissed the case.

We assume for present purposes, without deciding, that the show-cause notices were sufficient to meet the requirements of rule 101 as to the contents of citations, and that service of the notice on either November 30th or December 1st constituted December 27th appearance day for the filing of answers by the defendants served. Rule 237. It does not appear that any of the defendants *filed* answers on that date or that there was a regular call by the court of his docket on that date, or that the cause had been placed on a trial calendar, or that the case had been set for trial on its merits, by agreement or otherwise. Perkins and Campbell appeared on December 27th before the court, according to the recitals of the order of dismissal, in person and by counsel. The order further discloses that they announced to the court that they were prepared to disprove the allegations of the state's petition, that the suit was defamatory as against them and the defendant hotel, and that they demanded that the *suit be heard*. The order recites that the state did not appear by its counsel and there is no claim that it appeared through its Liquor Board or in any other manner on the day the case was dismissed. The order further discloses that the two named defendants moved (we assume orally, since no such motion appears in the record) that the suit be dismissed for want of prosecution. It is not contended the petition did not allege a cause of action. The order recites, finally, that the court was of opinion that the suit should be dismissed and that accordingly it was *"dismissed for want of prosecution."*

The state's motion (filed on the third day after the case was dismissed) to set aside the dismissal and reinstate the cause, was promptly set down by the court to be heard on January 5th, 1944. The hearing was held at the time set, on the motion and the answers filed thereto. The court denied the motion, and in his order denying the relief sought recited, among other things not pertinent here as reasons for dismissing the case on December 27th, the failure of the state to appear at that time, that it "wholly made default," the appearance of Perkins and Campbell on that date and their announcements and demands

then made as stated above. It is also recited in the order refusing to set aside the dismissal order, that the state's motion so praying contained no allegations of fact sufficient to excuse plaintiff its non-appearance at the time fixed in the fiat for defendants' appearances, respectively, in response to the show-cause notice. The Court of Civil Appeals affirmed the judgment of the trial court refusing to set aside its order of dismissal and refusing to reinstate the case on his docket. 185 S. W. (2d) 1019.

On consideration of the state's application for writ of error we were of opinion that the trial court erred in dismissing the entire case merely because plaintiff failed to appear before the court on the day designated for defendants to answer the application for a temporary injunction, and that the Court of Civil Appeals erred in not sustaining the state's points calling attention to such error. We adhere to that opinion.

The only matter before the trial court for decision at the time the case was dismissed was the state's application for a temporary injunction. The case had not been set for trial on the merits nor had the parties agreed that the whole case could be heard on its merits; nor had the court at that time placed the case on a trial calendar for setting and trial. While the state by its failure to appear on December 27th had waived its right, if any it had, to a temporary writ of injunction, it had not waived its right to a setting and trial of the case on the merits.

The question for decision involves more than the mere violation of rules of practice and procedure in civil cases. It involves the right of a plaintiff (whether state or individual) who had alleged and filed a cause of action, not to be deprived of an opportunity to try his case. The rules and established practice thereunder are but the means of effectuating in orderly fashion the rights of litigants. Rule 245 provides for the placing of actions upon a trial calendar. Rule 246 provides generally for setting same and giving notice thereof. Rule 247 provides, among other things, that "no cause which has been set upon the trial docket * * * shall be taken from the trial docket for the date set *except by agreement of the parties* or for good cause *upon motion and notice to the opposing party.*"

The trial court was warranted in assuming (since the state's attorney did not appear at the time fixed for defendants to show cause why a temporary injunction should not issue against them) that the state had waived its right, if any, to the interlocutory relief prayed for; but was not warranted in assuming that the state, because it did not appear to press for such re-

lief, had abandoned its alleged cause of action for *permanent relief*. The Court of Civil Appeals recognized in its opinion that the state's petition (which contained, besides a prayer for temporary injunction, a prayer for a permanent injunction and other substantial permanent relief) stated a cause of action. The suit was filed on November 29, and was dismissed on December 27th. It had not been placed upon a trial calendar or set for trial on the merits and had been pending less than a month. Two of the defendants had not been served, either with show-cause notices, or regular citation.

We hold that the mere non-appearance of plaintiff on appearance day for hearing the application for interlocutory relief in a cause of the character and in the status stated, did not warrant the court's action in dismissing the suit, such action was in violation of the letter of rule 245, as well as the spirit of rule 246 and the established practice generally. If plaintiff had duly appeared on the day fixed by the fiat for appearance of the defendants, and defendants had not appeared on that date in response to the show-cause notice, the trial court could not rightly have granted plaintiff a judgment upon plaintiff's ex parte hearing decreeing that the hotel be closed and padlocked and that the defendants be permanently enjoined as prayed. For the court to have taken such action was within his power, but would have been an erroneous use of such power. Such action by the court would have been no more arbitrary, however, than his action in the present ex parte dismissal of plaintiff's case.

The state had not failed to prosecute the case at the time it was dismissed. The cause was not on the trial docket. Two of the defendants had not been served with show-cause notice, and at such time the case was not before the court for trial on its merits; and his action in dismissing the cause, together with his refusal to reinstate same, effectively deprived plaintiff of an opportunity to try its case. The affirmance of the trial court's judgment by the Court of Civil Appeals was reversible error. See in this connection Fort Worth Acid Works v. City of Fort Worth (Civ. App.), 248 S. W. 822; Gossett, Com'r. v. Scofield (Civ. App.), 141 S. W. (2d) 466.

The case is reversed, the judgments below are set aside, and the cause is remanded for reinstatement on the trial court's docket.

Opinion adopted by the Supreme Court, February 14, 1945.

Rehearing March 14, 1945.