**CLARK v. SAYRE OIL CO.**

No. 14850.

Court of Civil Appeals of Texas.
Fort Worth.

June 13, 1947.

Rehearing Denied Sept. 5, 1947.

Allen, Locke and Kouri and W. T. Locke, all of Wichita Falls, for appellant.

Guy Rogers, of Wichita Falls, for appellee.

SPEER, Justice.

Appellee Sayre Oil Company, a corporation, filed this suit in a district court of Wichita County, Texas, against appellant William Clark and Ruby Clark to recover on a note for $12,500, less admitted credits, accrued interest and attorneys' fees, and for foreclosure of a deed of trust lien on certain described real estate. It bears the docket No. 38515–A.

The trial petition is of a dual character. It asserts a cause of action on the note and lien and embraces the equitable bill of review. First, it seeks judgment for the debt and foreclosure of the lien as above indicated. Second, it alleges that on October 4, 1938, appellee filed a suit on the note and lien in one of the district courts of Wichita County, against William Clark and Ruby Clark, residents of Oklahoma. That suit bore docket No. 32802–A. That at the time Mr. Kilgore of the firm of Kilgore & Rogers handled the claim; that Mr. Ray Bland was a young attorney officing with the firm, but not a member; that Mr. Kilgore handed the note and mortgage to Mr. Bland and told him to file suit; that Mr. Bland filed the suit, had process issued for the non-resi-

dent defendants, procured service on William Clark but that upon Ruby Clark was insufficient; that he thereafter over a period of months had notices issued for and attempted to have them served on Ruby Clark, without success. That Mr. Bland entered the Armed Service of the Government, and Mr. Kilgore withdrew from the firm and moved to Dallas; that nothing more was done in the case until on December 25, 1942, within a few days prior to the time the district judge would go out of office, when the out-going judge, on the date last mentioned, dismissed the case for want of prosecution and had an order entered to that effect on December 29, 1942. That there was a rule and universal custom existing for many years in that court to the effect that courts would inspect their respective dockets from time to time and if cases were found in which no action was taken for a long period, the court would give notice to counsel of record to show cause why a case should not be dismissed; that if no objection was presented the case would be dismissed; that neither appellee nor his counsel had any notice of intention by the court to dismiss the case; that they were in good faith still trying to procure service and intended at all times to prosecute the case; that Mr. Rogers, the only member of the old firm residing in the county, never knew of the order of dismissal until about nine months after it was entered, and was not negligent in failing to learn thereof; that upon learning of the dismissal, he filed this suit within ten days thereafter.

Appellee prayed for an order vacating the previous order of dismissal of Cause No. 32802-A, judgment for its debt, giving credits for payments admitted to have been made, a foreclosure of its lien, execution and order of sale, etc.

Appellant William Clark and Ruby Clark answered with many special exceptions, the overruling of which is not complained of in this appeal, general denial, coverture of Ruby Clark as the wife of William Clark, lack of diligence and laches by appellee in the prosecution of its original suit prior to its dismissal and in instituting this action nine months after dismissal of cause No. 32802-A. They pleaded in detail the reasons why appellee was negligent and guilty of laches. Prayer was that appellee be denied all relief sought, and for general and equitable relief including their costs incurred. At the conclusion of the testimony, appellee moved for an instructed verdict which was overruled.

Trial was to a jury on special issues. The verdict was to the effect that appellee was not diligent in prosecuting its suit between the date of filing in 1938 and December 25, 1942, when the order of dismissal was entered; that appellee used due diligence in learning that the original suit had been dismissed; that appellee at all times intended, in good faith, to prosecute the original suit.

After the verdict was received appellant moved for judgment and the motion was overruled. Appellee moved for "judgment on the verdict or non obstante veredicto." The latter motion was sustained.

The trial court then entered judgment for appellee in which he filed extensive findings of fact and conclusions of law, which findings and conclusions were recited to be upon the undisputed testimony. Briefly summarized the findings were substantially as follows: (1) That appellant William Clark is justly indebted to appellee in the amount of the note, interest and attorneys fee, less admitted credits; (2) there was a valid lien on the real estate to secure payment of the debt; (3) the defense urged by appellant was that appellee had not used due diligence in prosecuting the original suit nor to discover the order of dismissal; (4) that the original suit which was dismissed was never placed on the trial docket and was not set for trial on Christmas day, the date on which it was dismissed; (5) that it was the universal custom of the trial courts in that county, when a case was subject to dismissal, to give notice to counsel to show cause why the suit should remain on the docket; (5) no injury is shown to appellant because the answer admits liability of William Clark but that defendants should not be cast in the action because of the dismissal of the original suit, which dismissal (the court finds) was without the case being placed on the trial calendar and without the knowledge of or notice to appellee or its counsel; (6) that appellee at all times, in good faith, intended to perfect service and obtain judg-

ment and was not wanting in diligence to discover the order of dismissal before filing the present action. (There is a full page contained in a 7th finding of undisputed facts concerning the nature of diligence exercised by appellee, and the value of the mortgaged property. The finding contains a conclusion of law to the effect that appellee was not lacking in diligence in the prosecution of the original suit and that the jury finding to that effect was immaterial under the circumstances in this case, when it appears conclusively that appellee was diligent in the institution of this case after it learned of the order of dismissal.) (8) That appellee's seasonably filed motion for instructed verdict should have been given by the court. The judgment then proceeds in the usual form in favor of appellee for judgment for its debt against William Clark (but no personal judgment against Ruby Clark) and a foreclosure of the lien against both defendants. Motion for new trial was overruled, to which exceptions were taken and notice of appeal given and perfected by William Clark, only.

Appellant (William Clark) relies for reversal upon two points of error. We quote both: (1) "The court erred in not granting judgment for the appellant for the reason that the undisputed evidence shows as a matter of law that the appellee did not use due diligence in the prosecution of its original action and did not use due diligence in filing its bill of review, but was guilty of laches." Point (2) "The Court erred in rendering judgment for the appellee, the jury having found in response to Special Issue No. One that due diligence was not used in the prosecution of the original suit, said Special Issue being the controlling issue in the case."

In view of the fact that the first point embraces more than one asserted error, concerning diligence while the original suit was pending as well also after the order of dismissal was entered, and the further fact that it is contended the "undisputed" evidence presented a question of law and not one of fact, and because he claims he should have had judgment entered on the verdict, we believe both points of error can be best discussed together.

We have already pointed out that the judgment from which this appeal was perfected was in a suit filed by appellee about nine months after the entry of the judgment or order dismissing the original suit filed by appellee on the same note and mortgage. In the instant case, appellee sought to have the order of dismissal in the original suit vacated. In its brief appellee argues that the prayer to vacate the order of dismissal was surplusage and unimportant, in view of the nature of the defense presented by appellant; that the setting aside of the order of dismissal and a reinstatement of the cause was unnecessary in the absence of a plea of limitations as against the note, by appellant. It is quite apparent that no plea of limitation was claimed by appellant.

We concur in the contention of appellee that it was not necessary to vacate the order of dismissal, under the pleadings in this case, before it could recover on the note and mortgage. True the jury found in response to the first issue that appellee was not diligent in the prosecution of the original action, but its finding was not based upon the "undisputed" evidence, as contended here by appellant. There was the evidence of the long-pending suit, lack of completed service of process and the order of dismissal on one side, while upon the other there was the undisputed evidence of the long-time custom and rule with the court and practicing attorneys as to when orders of dismissals would be entered after notice to counsel, and that no such notice was ever issued or given in the case before the order dismissing the case was entered. The jury finding in this respect was upon a controverted issue of fact, and was not one of law, as contended by appellant. At most the jury finding that due diligence was not exercised by appellee in prosecuting the original suit, is no more than a finding that the original suit was properly dismissed by the court. The legal effect, then of the dismissal was that appellee had no suit on the note and mortgage pending after the dismissal until the present suit was filed. We gather from the contention made by appellant that after the original suit was dismissed (not a voluntary dismissal or discontinuance by appellee) another action on the same indebtedness could not be maintained by appellee.

We do not think appellant's contention, thus made, necessarily follows the order of dismissal by the court. We have carefully studied the judgment of the court from which this appeal was taken, and do not find where the court attempted to set aside or vacate the order of dismissal—that order remained undisturbed.

The order of dismissal is not in the record and we do not know what it contained, other than that appellee argues in its brief that the order shows the dismissal was "without prejudice." Appellant has not challenged this assertion by appellee, before this court. It has been held that such an order of dismissal would not preclude a subsequent filing and effective prosecution of a suit on the same indebtedness. However if a dismissal order was entered for want of a cause of action by the alleged note-owner, a subsequent suit could not be maintained. 15 Tex.Jur. 290, Sec. 46.

The record before us does not indicate, nor is it contended by appellant that the order of dismissal of the original suit in any way attempted to pass upon the merits, if any, of appellee's cause of action, nor to adjudicate the rights of the parties.

In the instant case, appellant, who was sued on the note, presented no special defense to the merits of appellee's action. Apparently appellant defended only as against appellee's prayer to vacate the order of dismissal, perhaps upon the mistaken belief that if he succeeded in this respect, appellee could not recover. It is needless to speculate upon what effect a plea and proof of limitation would have had on appellee's claim, if such had been made. As we view this whole record, the former order of dismissal did not stand between appellee and a recovery in the case.

In support of his right to judgment on the verdict, as presented in this appeal, appellant cites many well considered cases which lay down the fundamental rules established in the equitable bill of review proceedings. In the main, those cases involved an applicant's right to have a judgment which has disposed of the merits of the case, then before the court, set aside for fraud, mistake and the like. Those principles are not involved here. To mention some of the cited cases which involved judgments of dis-

missal and diligence in instituting the proceedings after discovery of the order of dismissal, we find Eddingston v. Allen, Tex. Civ.App. 126 S.W.2d 1008; Ruland v. Ley, 135 Tex. 591, 144 S.W.2d 883; and Williams v. Creighton, Tex.Civ.App., 147 S.W. 2d 274, writ dismissed, judgment correct. In those cases it was held that the bill of review did not lie under the facts. It appears that applicants waited from 110 days to 10 months to institute the bill for relief after having knowledge of the orders of dismissal. From those opinions we observe that either the jury found upon competent testimony, or the court found from undisputed testimony, that applicants did not use due diligence after having knowledge of the dismissal. While in the instant case the record shows without dispute that appellee instituted its suit within ten days after acquiring knowledge of dismissal. However about nine months time had elapsed and appellee pled and proved the universal rule of practice promulgated by the local courts in Wichita county, when dismissal is contemplated by the court. We have already referred to such rules. Appellee has invoked, on this appeal, Rule 245, Rules Civil Procedure. We think the cited rule is not controlling here. The appellee contends that if it be found by the court that the previous order of dismissal was an impediment between it and judgment under its pleadings, then, the rule not having been complied with, would entitle it to have the order of dismissal vacated. As has before been pointed out the trial court did have a rule to be followed in such cases and it was not followed. Such rules of practice promulgated by trial courts are in substantial compliance with Rule 245 supra. Pearl Assurance Co. v. Williams, Tex.Civ.App., 167 S.W.2d 808.

We conclude and hold that the trial court did not commit reversible error in refusing to enter judgment for appellant on the verdict when the jury had found appellee had not exercised diligence in the prosecution of the original case, nor in entering judgment for appellee because, as contended by appellant, the jury finding last mentioned was controlling in the case. These are the points of error assigned, and they are overruled. The judgment is affirmed.