**Pharis HEBERT (Smith), Appellant,**

v.

**Henry L. SHRAKE, Jr., Appellee.**

**No. 16022.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 1, 1973.

On Rehearing March 1, 1973.

Pharis Hebert (Smith) pro se.

Eugene Chambers, Houston, for appellee.

COLEMAN, Justice.

This appeal arises from a judgment dismissing the appellant's suit for want of prosecution. Appellant, as plaintiff below, sued appellee for cancellation of an instrument. The petition was filed on December 8, 1969 in the 80th District Court and appellee filed a plea in abatement on the ground of "misnomer." On November 12, 1970, the trial court sustained the plea and ordered appellant to "correct her pleadings herein by prosecuting her suit in her legal name or names by timely filing an amended petition herein."

Over seventeen months later, the appellee filed a written request on April 14, 1972, with the District Clerk of Harris County to have the case set for trial on the merits on June 12, 1972. Appellant filed a motion to strike the case from the docket. The motion was denied.

The cause was transferred to the 152nd District Court for trial. The appellee appeared on June 12, 1972, and upon the failure of appellant to appear, the court rendered a judgment dismissing her cause of action for want of prosecution. That

judgment recites that appellant was duly notified of the trial setting but failed to appear. From this judgment, the appellant appeals asserting three points of error.

Under her first point appellant complains that the trial court erred when it proceeded to trial and to render the judgment of dismissal. Under this point appellant is contending that once her suit was abated it should remain in a suspended state on the docket until she repleaded.

The general rule is that dismissal for want of prosecution lies within the sound discretion of the trial court. Pollok v. McMullen Oil & Royalty Co., 383 S.W.2d 837 (Tex.Civ.App.—San Antonio 1964, writ ref'd).

The rule to be applied on sustaining a plea in abatement is well stated in Dyches v. Ellis, 199 S.W.2d 694 (Tex.Civ.App.—Austin 1947, no writ), as follows:

"It is true, as appellant urges, that a plea in abatement is, correctly speaking, one in limine only, and does not go to the merits of the suit in which it is filed. See 1 Tex.Jur., p. 21, § 3, and p. 148, § 107. This is elementary. It is also true that the proper order or judgment upon sustaining such plea, is not to dismiss the case, but to retain it suspended upon the docket, subject to be revived if and when the cause of abatement is removed. Railroad Comm. v. North Texas Coach Co., Tex.Civ.App., 92 S.W.2d 268."

This rule does not prevent the case from later dismissal for lack of prosecution but only protects the party from having it dismissed automatically upon the sustaining of a plea in abatement, and allows him later to revive his cause of action when the cause of the abatement is removed. As stated in Pentikis v. Texas Electric Service Company, 470 S.W.2d 387 (Tex.Civ.App.—Fort Worth 1971, writ ref'd, n. r. e.): "The court has the inherent right, inde-pendent of any statute, to dismiss a suit for failure to prosecute it with due diligence." (citations omitted) The trial court can also dismiss the action without prejudice where a party has been ordered to make a pleading more definite or specific at least in absence of proper excuse. Shaw v. Universal Life & Acc. Ins. Co., 123 S.W.2d 738 (Tex.Civ.App.—Dallas 1938, writ dism'd, judg. correct).

In Hall v. City of Austin, 31 Tex.Civ. App. 626, 73 S.W. 32 (1903), the court held that, where a case was dismissed for want of prosecution, the appellant had to rebut the presumption that the trial court acted properly and prove that in dismissing the case the trial court abused his discretion.

In Life Ass'n of America v. Goode, 71 Tex. 90, 8 S.W. 639 (1888), the court held that a suit against a foreign corporation was abated by the dissolution of the corporation, but that the suit, in equity, was "merely in a state of suspended animation" and could be revived. The court held, however, that the statute of limitations ran from the date the suit was abated until pleadings were filed to revive it, saying, ". . . in legal contemplation, there was no action pending . . ."

In State v. Perkins, 143 Tex. 386, 185 S.W.2d 975 (1945), the court held that the action of the trial court in dismissing a case for want of prosecution when the plaintiff failed to appear at a hearing on a temporary injunction was arbitrary and reversed the case. The court pointed out that "such action was in violation of the letter of Rule 245, as well as the spirit of Rule 246 and the established practice generally." The court observed that had the plaintiff appeared, and the defendant failed to appear, the court would have erred had it granted the plaintiff a judgment on the merits because the case was not before the court for trial on the merits.

After a court has entered its order sustaining a plea in abatement the case cannot be tried on its merits until the cause for abatement has been removed. This case could not properly have been set for a trial on the merits.

Rule 245, Texas Rules of Civil Procedure, requires that trial courts provide by rule for the placing of actions on the trial calendar. The district courts of Harris County have provided by local rule that settings on the General Docket shall be made upon the written request of any counsel of record, who shall certify on his request that the pleadings are in order and that the case is ready for trial. The rule also provides that if the certificate is incorrect in any particular, the setting shall, upon motion filed at or before the announcement of the docket, be struck from the General Docket for that assignment. The rule provides that on Friday preceding each week of the assignment, the General Docket shall be announced by the Presiding Judge.

The record reflects that on June 9, 1972, appellant filed a motion to strike this case from the General Docket, asserting that the pleadings were not in order and the case not ready for trial for the reason that a plea in abatement had been sustained and the plaintiff ordered to amend her petition. The motion was denied on the same date. No reason for the denial is given. If the motion to strike was filed at or before the announcement of the docket, the court erred in failing to follow its rules. Clark v. Sayre Oil Co., 204 S.W.2d 141 (Ft. Worth 1947, err. ref., n. r. e.).

The record before this court does not show that the motion was timely filed. The burden rests with the appellant to make such a showing. The record does not reflect error in this respect. Hall v. City of Austin, supra.

The case was not tried on its merits. It was dismissed for want of prosecution.

The record does not demonstrate an abuse of discretion on part of the trial court where appellant had failed to amend her pleadings by setting out her legal name during the nineteen months following the order sustaining the plea in abatement. There is nothing in the record to show that appellant was unable to amend her petition so as to remove the reason prompting the trial court to abate the suit. The trial court is authorized to dismiss a suit for want of prosecution on his own motion. First National Bank of Houston v. Fox, 121 Tex. 7, 39 S.W.2d 1085 (Tex. 1931).

Appellant contends that the trial court erred in dismissing her suit in that she was not given notice of the assignment and setting of her case for trial. The record does not affirmatively support this contention. There is nothing in the record to show that appellant was or was not notified that the case had been assigned to the 152nd District Court for trial.

The record does reflect that appellant knew that her case was on the General Docket. Rule 7 of the local rules for Harris County provides:

"The Presiding Judge assigns cases ready for trial on the General Docket. Each counsel, and party not represented by counsel, shall keep informed as to the position of his case on the General Docket. In those cases not assigned for trial at the announcement of the General Docket, or placed on standby in the courthouse, counsel (and parties not represented by counsel) shall be notified of assignment for trial by the Docket Clerk either in person or by telephone at the telephone number which counsel and such parties shall have supplied to the Docket Clerk. After notification of assignment for trial, failure of counsel (or parties not represented by counsel) to appear forthwith for trial in the court to

which assigned shall be grounds for dismissal of the case or trial without the presence of such counsel or parties."

The record does not show a failure to comply with this rule. Appellant's assignment of error cannot be sustained. Pentikis v. Texas Electric Service Company, 470 S.W.2d 387 (Tex.Civ.App.—Ft. Worth 1971, err. ref., n. r. e.).

Judgment affirmed.

## ON MOTION FOR REHEARING

In appellant's motion for rehearing she points out that she stated in her original brief that "On Friday, June 9, 1972, before the announcement of the docket, your petitioner timely filed with the court a 'motion to strike' . . ." In our original opinion we noted that the transcript did not show the time of filing of this motion. The transcript does reflect that the motion was filed on June 9, 1972, and that it was overruled on the same day. Appellee has not controverted appellant's statement that the motion was timely filed before the announcement of the docket. We conclude that this is a proper case for the application of Rule 419, T.R.C.P., and accept as true appellant's statement. Rayburn v. Giles, 182 S.W.2d 9 (Tex.Civ.App.—1944, err. ref.); American Sec. Life Ins. Co. v. M. D. Anderson Hospital and Tumor Institute, 408 S.W.2d 155 (Tex.Civ.App.1966, err. dism'd).

For the reasons stated in our original opinion the court erred in overruling the motion to strike the setting. Since the case should have been removed from the trial docket, the court erred in dismissing the case for want of prosecution. State v. Perkins, 143 Tex. 386, 185 S.W.2d 975 (1945).

The motion for rehearing is granted.

Reversed and remanded.