Tom **ROTELLO** et al., Appellants,

v.

The **STATE** of Texas et al., Appellees.

No. 16033.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 1, 1973.

Rehearing Denied March 29, 1973.

Sears & Burns, Houston, for appellants; C. Charles Dippel, Houston, of counsel.

Crawford C. Martin, Atty. Gen. of Texas, Nola White, First Asst. Atty. Gen., Alfred L. Walker, Executive Asst. Atty. Gen., Watson C. Arnold, Woodrow Curtis, C. W. Pearcy, Alvin K. James, Asst. Attys. Gen., for appellees.

COLEMAN, Justice.

This is an appeal by writ of error from a judgment dismissing appellants' suit for want of prosecution.

Appellants brought suit for injunction and damages against appellees on August 7, 1969. The defendants answered. No further action in the case is shown by the pleadings or docket sheet until January 4, 1972, when the trial judge noted on the

docket sheet that the case was dismissed for want of prosecution. The record includes an order filed on January 12, 1972, stating:

> "On this the 4th day of January, 1972, it is ordered by the court that the following numbered and entitled civil cases be dismissed for want of prosecution as follows, to wit:
>
> " . . . ."

There follows two hundred and fifty cases described by style and case number, including Cause No. 18,008, entitled Tom Rotello, et al vs. State of Texas. The order was signed by the Judge of the 85th Judicial District Court, Brazos County, Texas.

▆ The judgment does not show by recital that this case was set down for trial, or that it was placed on a dismissal docket by the trial judge, or that notice of any such action was given to appellants or their attorneys. There was nothing in the record on the date this appeal was perfected reflecting that appellants were afforded an opportunity to explain the delay in bringing the case to trial prior to its dismissal from the docket. Due process requires that adequate notice of such a hearing be given appellants before the judgment was rendered dismissing their suit. Callahan v. Staples, 139 Tex. 8, 161 S.W. 2d 489 (1942); Olschewske v. Priester, 276 S.W. 647 (Tex.Com.App.1925); United Gas Public Service Co. v. State of Texas, 303 U.S. 123, 58 S.Ct. 483, 82 L.Ed. 702 (1938); Brotherhood of Railroad Trainmen v. Price, 108 S.W.2d 239 (Tex.Civ. App.-Galveston 1937, err. dism'd); Johnson v. Williams, 109 S.W.2d 213 (Tex.Civ. App.-Dallas 1937); Head v. Roberts, 291 S.W.2d 483 (Tex.Civ.App.-Ft. Worth 1956).

▆ In a direct attack on a judgment by writ of error, it is not required that the record show the judgment to be void, but it must show error. The question is whether the record must affirmatively show that notice was given, or whether such notice may be presumed. In McKanna v. Edgar, 388 S.W.2d 927 (Tex.1965), the court said: " . . . While ordinarily presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites), no such presumptions are made in a direct attack upon a default judgment . . . ."

In State v. Perkins, 143 Tex. 386, 185 S.W.2d 975 (1945), the court said:

> "The question for decision involves more than the mere violation of rules of practice and procedure in civil cases. It involves the right of a plaintiff (whether state or individual) who has alleged and filed a cause of action, not to be deprived of an opportunity to try his case. The rules and established practice thereunder are but the means of effectuating in orderly fashion the rights of litigants. Rule 245 provides for the placing of actions upon a trial calendar. Rule 246 provides generally for setting same and giving notice thereof. Rule 247 provides, among other things, that 'no cause which has been set upon the trial docket * * * shall be taken from the trial docket for the date set *except by agreement of the parties* or for good cause *upon motion and notice to the opposing party.'*
>
> " . . . .
>
> "The state had not failed to prosecute the case at the time it was dismissed. The case was not on the trial docket. . . . his action in dismissing the cause, together with his refusal to reinstate same, effectively deprived plaintiff of an opportunity to try its case. The affirmance of the trial court's judgment by the Court of Civil Appeals was reversible error . . . ."

In Freeman v. Freeman, 160 Tex. 148, 327 S.W.2d 428 (1959), the court said:

> "In State v. Perkins, 143 Tex. 386, 185 S.W.2d 975, we held that a default judgment of dismissal of a case on appearance day was a violation of Rule 245,

Texas Rules of Civil Procedure, requiring cases to be placed on a trial calendar in other classes of courts, and was an erroneous and arbitrary use of power requiring the granting of a new trial.

"  . . . .

"State v. Perkins, supra, involved a construction of Rules 245, 246 and 247 of the Rules of Civil Procedure, Rules governing the setting and trial of cases in district courts of noncontinuous terms. They differ only slightly from Rule 330(b) which has application to district courts having continuous terms. . . .

"We hold that the default judgment was void. Generally speaking, a judgment rendered by a legally constituted and organized court having jurisdiction over the subject matter of and the parties to a suit will be held valid, Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876, 877; Martin v. Sheppard, 145 Tex. 639, 201 S.W.2d 810, 812, unless the particular judgment is one which the court had no power to render. State v. Ferguson, 133 Tex. 60, 125 S.W.2d 272; Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 66 A.L.R. 916; State Board of Insurance v. Betts, Tex., 158 Tex. 612, 315 S.W.2d 279. Judgments are void for lack of power in courts to render them when they are rendered contrary to constitutional or valid statutory prohibition or outside limiting constitutional or statutory authority. State v. Ferguson, supra; Cline v. Niblo, supra; State Board of Insurance v. Betts, supra. They are not void when rendered in violation of statutory provision which is merely directory, Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66; 25 Tex.Jur. 735–736, Judgments, § 276, or for purely procedural irregularity. 25 Tex.Jur. 809–812, Judgments, § 308. But here, the judgment is subject to twin vices. Our Rules of Procedure have the same force and effect as statutes. If a statute had provided that all contested cases should, on appearance day, be set for trial and that no default

judgment could be rendered in such a case until the day of its setting, we would not hesitate to declare void a judgment rendered in violation of the statute. That, in effect, is what Rule 330(b) provides. It is the purpose of the Rule to provide a party to a contested case with his day in court. . . . . "

The Clerk of the District Court of Brazos County, Texas, certified that no Clerk's Docket is maintained in the 85th Judicial District Court separate and apart from the Court's Docket. The docket sheet for Cause No. 18,008, Tom Rotello, et al v. State of Texas, shows no order of the court other than the Order of Dismissal. It appears, therefore, that the case had not been placed on the trial docket at the time it was dismissed.

The Clerk included in the transcript of this case certain papers requested by the parties which were not filed in the case at the time this appeal was perfected. Certain other papers not on file at that time were included by order of the trial judge.

Rule 376, Tex.Rules of Civil Procedure, provides:

"The clerk of the trial court, under written direction of appellant, shall prepare . . . a true copy of the proceedings in the trial court, and . . . shall include the following: the material pleadings . . . and any filed paper either party may designate as material . . . and appellee . . . may file . . . a written direction to include in the transcript additional portions of the proceedings in the trial court, . . . "

Rule 376–a, T.R.C.P., provides that the transcript shall be prepared in the form directed by the Supreme Court. Pursuant to this rule the Supreme Court directed that the transcript be prepared as follows:

"(a) In making a transcript, the proceedings shall be entered in the order of time in which they occurred, as prescribed in Rule 376, unless counsel on

each side shall by agreement in writing . . . direct the clerk which of the papers shall be included and which may be left out, as being useless in the decision of the case. The judge may order any instrument included in the transcript which he deems proper. . . .

"(b) . . . At the top of each instrument included in the transcript the clerk shall note the name of such instrument, and at the bottom thereof he shall note the date of its occurring or being filed. All judgments and orders . . . shall show the dates upon which same were *rendered*. This does *not* mean the date the judgment or order was entered in the minutes, but means the date it was *pronounced* by the judge. . . . "

■ There is little authority concerning the instruments which may be included in a transcript by direction of a party or an order of the judge. A fair interpretation of these rules and the order of the Supreme Court would confine the content of the transcript to *instruments* constituting a part of the *proceedings* in the trial court in the cause on appeal, which have been filed with the clerk. In the case of judgments and orders, it is contemplated that they may be filed on a date other than the date they were rendered. It is contemplated that the only instruments to be included are those considered material to a decision of the case by the parties or the trial judge.

■ Instruments which are part of the proceedings in the trial court only because they were offered in evidence could not properly be included in the transcript. There appears to be no reason for the exclusion from a transcript of instruments prepared to reflect matters occurring during the proceeding, if authorized by law or the rules of procedure, merely because they were filed after an appeal is perfected, but in time to be included in the transcript.

There is included in the transcript a notice in letter form dated July 23, 1971, and filed on July 14, 1972 signed by the Judge of the 85th Judicial District Court, reading:

"To all Attorneys Practicing in the 85th Judicial District:

"On Tuesday, January 4, 1972, all civil cases, including divorces, which were filed prior to January 1, 1970, will be dismissed for want of prosecution unless prior to this date an amended pleading is filed therein or a letter is received requesting that said case remain on the docket.

Very truly yours,"

■ The Clerk noted the "name of such instrument" as being "Letter dated July 23, 1971 from Judge W. C. Davis." The date of filing is shown. We judicially know that July 23, 1971, fell on a Friday. We do *not* construe this letter to be an order setting all cases filed in that court prior to January 1, 1970, for trial on January 4, 1972. It does not state that any of such cases were to be tried on that date. Rather it indicates that those cases which the attorneys did not desire to try would be dismissed. This action of the court was not noted on the court's docket. In any event the letter, if considered as an order setting the case for trial, does not comply with Rule 330(b), T.R.C.P., providing: "On the first Monday of each calendar month the judge of each court may . . . set for trial during the calendar month next after the month during which the setting is made, all contested cases which are requested to be set, . . . or on the court's own motion with notice to the parties . . ." The local rules of the 85th Judicial District do not provide any method for the handling of blanket dismissals, or for the setting of non-jury trials. See Rules 245 and 817, T.R.C.P.

■ The court reporter's certificate and notes are not properly included in the

352

transcript. Since the record reflects that the case was not set for trial in accordance with Rule 330(b), or a valid local rule, there is no basis for a presumption that the proceedings were regular and that the appellants were afforded proper notice and hearing.

The judgment of the trial court dismissing this case is reversed and the cause is remanded.