Alfred S. SCHLOSSER, Professional
Corporation et al., Appellants,

v.

A. P. TROPOLI, Individually and d/b/a S
& A Supply Company, Appellee.

No. B2275.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 15, 1980.

**256**

H. Lee Lewis, Jr., Charles W. Kelly, Ross, Griggs & Harrison, Houston, for appellants.

Carl Ray, Bryan D. Coleman, Law Offices of Ray & Coleman, Houston, for appellee.

Before COULSON, MILLER and SALAZAR, JJ.

MILLER, Justice.

This is a legal malpractice case. A. P. Tropoli Individually and doing business as S & A Supply Company ("Tropoli") brought suit against Alfred C. Schlosser Professional Corporation, Alfred C. Schlosser and Company, Jerry Sadler, and Natalie E. Schlosser, Individually and as Independent Executrix of the Estate of Alfred C. Schlosser, deceased, for damages resulting from the alleged negligence of Alfred C. Schlosser ("Schlosser") in failing to prosecute a suit in which he had been retained to represent Tropoli, and in allowing said suit to be dismissed for want of prosecution. Judgment was entered for Tropoli against the corporation and Natalie Schlosser (as executrix only), in amount of $100,000.00. Defendants appeal, alleging 7 points of error. We affirm.

In late October or early November, 1967, Tropoli began construction of a 70–unit apartment project on Montrose Street in Houston, Texas. While engaged in building the project Tropoli leased scaffolding from Safway Scaffolds Company of Houston ("Safway"), and used same in a plan or design furnished by Safway. The scaffolding supported joists upon which was placed a flat plywood deck with sides, used as a form for pouring concrete to make the first floor of the building. On February 5, 1968, after approximately 45% of the first concrete pour was in place, (about 125 yards of concrete) the scaffolding collapsed and a large section of the wet concrete fell into the basement.

Tropoli employed Schlosser 3 days after the cave–in to represent him and on September 27, 1968 Schlosser, by counterclaim filed suit on Tropoli's claim against Safway. The Safway suit was dismissed for want of prosecution (pursuant to a blanket order of dismissal) on April 3, 1972. Schlosser died on June 29, 1972 and thereafter Tropoli advised Schlosser's office that he wanted his legal files sent to another attorney and on March 9, 1973 the files were transferred to another attorney selected by Tropoli.

Thereafter, Tropoli filed the instant suit against the appellants. Upon submission of the case on special issues to the jury, it was found that Schlosser was negligent in allowing the Safway suit to be dismissed and damages were assessed at $100,000.00. Judgment was entered against Schlosser's corporation and Natalie Schlosser as executrix for this amount and appellants then perfected this appeal.

Appellant, in several points of error, asserts that there is no evidence to support a finding by the jury and that a finding by the jury is against the great weight and preponderance of the evidence. In addressing the "no evidence" points we must look only to the evidence which supports the findings of the jury and disregard all evidence to the contrary. In reviewing appellant's "insufficient evidence" or "great weight" points of error we must consider

and weigh all the evidence in the record and set aside the verdict if it is so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951) (per curiam); *Rourke v. Garza*, 530 S.W.2d 794 (Tex.1975); *Wiik v. Riggers & Constructors*, 592 S.W.2d 16 (Tex.Civ.App.–Beaumont 1979, writ ref'd n.r.e.). We will therefore examine the record with these standards in mind.

Appellant's point of error 1 asserts that there was no competent evidence in the record to show that any judgment Tropoli might have recovered against Safway Scaffolds Company would have been collectible. We disagree.

The Texas Supreme Court, in *Moore v. Grantham*, 599 S.W.2d 287 (Tex.1980), was faced with the question of what is admissible as competent evidence when an expert testifies. The Court in *Moore* held that an expert's opinion may not be properly admitted into evidence if based solely on hearsay, even if the hearsay is of a type upon which the expert and others within his profession customarily rely. On the other hand, the *Moore* court declared that where an expert's opinion testimony is predicated both upon personal knowledge and upon hearsay, his testimony is admissible.

Appellant here alleges that there was no competent evidence as to the collectibility of a judgment against Safway Scaffolding Company and in this regard argues that appellee's expert in this area relied on hearsay evidence in his testimony as to Safway's ability to pay a judgment of a certain dollar amount. In fact, a close examination of the record will indicate that Worthington did not rely solely on the reports, balance statements, and tax returns which appellant asserts as hearsay. He also based his testimony on his own personal knowledge. On page 1245 of Volume 6 of the Statement of Facts the following exchange took place:

Question: (By Mr. Ray) In essence, the question was whether or not the net assets of Safway Scaffolds Company of Houston, *from your own knowledge*, would today would be sufficient to satisfy a judgment assuming that a judgment had been rendered against Safway Scaffolds Company of Houston–to satisfy that judgment in the amount of at least $500,-000.00?

Answer: (By Mr. Worthington) Yes, it would.

Because Worthington based part of his opinion testimony on personal knowledge, all of his opinion testimony is competent, even if appellant's assertions were true and a portion of his testimony was based on hearsay evidence. In addition to Worthington's evidence as to collectibility of a judgment against Safway, there was testimony from Mr. James Wyckoff, an attorney retained by Fireman's Fund Insurance Company to defend Safway Scaffolds Company of Houston, which indicated that there was insurance in existence insuring Safway Scaffolds and that he (Wyckoff) was indirectly advised of the policy limits of the policy. Taken together, the testimony in the record amounts to some competent evidence that a judgment against Safway Scaffolds Company would have been collectible. Point of error 1 is therefore overruled.

Points of error 2 and 3 allege, respectively, that there is no evidence to support the jury's findings of negligence of Schlosser in answer to Special Issues 10, 12, 14 and 16, and that it was error for the lower court to submit Special Issues 10, 12, 14 and 16 because each of these issues assumes the truth of a fact as to which there is no evidence.

Appellant relies heavily on *Rotello v. State*, 492 S.W.2d 347 (Tex.Civ.App.–Houston [1st Dist.], writ ref'd n. r. e.), where it was held that a suit for injunction was improperly dismissed in that the case had not been set for trial in accordance with the Rules of Civil Procedure or placed on a dismissal docket by the trial judge. The judge in *Rotello* simply filed a letter "To all Attorneys Practicing in the 85th Judicial District" stating that on January 4, 1972 all civil cases filed prior to January 1, 1970 would be dismissed for want of prosecution. The facts in *Rotello* are clearly distinguish-

able from those that exist in the case at bar. In *Rotello*, there was no local rule such as 12(t) which was the rule relied on in dismissing the Safway suit. The absence of such a rule was apparently important in *Rotello*, because after holding that the letter did not constitute an order setting all cases filed prior to January 1, 1970 for trial on January 4, 1972, (and thus was an improper dismissal) the court recognized that: "[t]he local rules of the 85th Judicial District do not provide any method for the handling of blanket dismissals...." 492 S.W.2d at 351. There *is* a local rule providing for blanket dismissals under the instant facts and Harris County local rule 12(t) pursuant to which the April 1972 dismissal docket was administered, provides that: "While counsel ... may be notified by postcard ... and the [dismissal] list may be posted, *this rule shall constitute notice* of such hearings and counsel ... shall keep informed as to the length of time each of their cases has been on file." (Emphasis added). We hold that Harris County District Court rule 12(t) was applicable to the Safway case and that it was a valid rule, being enacted pursuant to Tex.R.Civ.P. 817. This being true, we find that the Safway suit was properly dismissed on April 3, 1972.

■ We also find from an examination of the record, that there was some evidence from which the jury could have found, in Special Issues 10, 12, 14, and 16, that Schlosser was negligent. Suit was filed by Schlosser on September 27, 1968 (by counterclaim) and no formal action was taken on the case thereafter. A full 3½ years passed before the case was dismissed per the blanket order of dismissal on April 3, 1972. This delay, and allowing the suit to be dismissed forever without notifying Tropoli is certainly some evidence to support the findings by the jury to Special Issues 10, 12, 14, and 16. *Gracey v. West*, 422 S.W.2d 913, 918 (Tex.1968), *Chapa v. Wirth*, 343 S.W.2d 936, 938 (Tex.Civ.App.–Eastland 1961, no writ).

Additionally, there was evidence that Schlosser had, on several occasions, filed motions to retain other cases that were to be dismissed pursuant to the blanket order of dismissal by which the Safway suit was dismissed. Thus Schlosser was aware of the dismissal docket and of the procedure for dismissing cases pursuant to local rule 12(t). This evidence also supports the jury's findings to Special Issues 10, 12, 14 and 16.

■ Point of error 4 asserts that the district court erred in rendering judgment for plaintiff because plaintiff waived a jury finding on an essential element of his cause of action. More specifically, appellant argues that because the trial court's charge did not include a special issue inquiring as to what amount of money Tropoli could have collected from Safway Scaffolds and because Tropoli failed to request such an issue, that he waived a controlling issue of fact, i. e. collectibility.

The trial court, while not including a reference to collectibility in its special issue submission, did provide the jury with the following instruction in its submission of Special Issue No. 20:

You are instructed that in arriving at Plaintiff's damages, if any, you will take into consideration and allow for such a sum as you believe from the evidence A. P. Tropoli *would have recovered and collected* from Safway Scaffolds Company of Houston in his suit against that company, had said case been prosecuted to judgment. (Emphasis Added).

Rule 277 of the Texas Rules of Civil Procedure provides in pertinent part:

It shall be discretionary with the court whether to submit separate questions with respect to each element of a case or to submit issues broadly. It shall not be objectionable that a question is general or includes a combination of elements or issues ... The placing of a burden of proof may be accomplished by instructions rather than by inclusion in the question.

In submitting the case, the court shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict and in such instances the charge shall not be subject to the objection that it is a general charge.

We find that Special Issue 20, when read along with the accompanying instruction, placed before the jury the proper issue as to the damages recoverable because of Schlosser's negligence, by adequately limiting the jury's consideration of damages to that which would have been collectible from Safway by Tropoli. Because the special issue complained of by appellant in point of error 4 is held to have been properly submitted under Rule 277, Tex.R.Civ.P., the point of error is overruled.

Appellant, in Point of error 5, complains that Tropoli's suit against Safway Scaffolds Company lacked an indispensable party and that because of this the trial court did not have jurisdiction of the suit and that therefore the suit in the lower court would not have been successful. The "indispensable party" appellant complains about is Mrs. Soula Tropoli, A. P. Tropoli's mother and co–owner of the property on Montrose Street on which the scaffolding collapsed.

 It is difficult for the court to accept the argument that an attorney is not to be liable in a malpractice action for a case being dismissed for want of prosecution solely because the same attorney failed to join an indispensable party in the suit which was dismissed. In effect the argument the appellant would have this court accept in Point of error 5 would require that we excuse one instance of negligence, because of earlier negligence on the part of the attorney. This we will not do. Plaintiff in the Safway suit did not fail to join an indispensable party as that term is defined in present Rule 39, Tex.R.Civ.P. *See Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200, 204 (Tex.1974); *MaGuire & Co. v. Hannon,* 563 S.W.2d 844 (Tex.Civ. App.–Houston [14th Dist.] 1978, no writ).

Points of error 6 and 7 argue that the jury was permitted to consider evidence of damages which were too remote to be recoverable and that the jury's answer to the damages issue is against the great weight and preponderance of the evidence.

We find that Special Issue No. 20 properly placed before the jury the issue of damages and that they were properly limited in their consideration of damages by the explanatory instruction accompanying Special Issue No. 20. Thus we hold that the jury did not consider evidence of damages which were too remote to be recoverable.

We also find that the jury's answer to the damages issue is not against the great weight and preponderance of the evidence. The record adequately supports a recovery on behalf of Tropoli of $100,000.00, which is the amount the jury awarded in their answer to Special Issue 20.

Having considered all of appellant's points of error and having overruled each of them, the judgment of the trial court is affirmed.