

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ESMERALDA DOMINGUEZ and MIGUEL DOMINGUEZ, A/N/F ABRAHAM DOMINGUEZ, | § | No. 08-23-00083-CV |
| | § | Appeal from |
| Appellants, | § | 171st Judicial District Court |
| v. | § | of El Paso County, Texas |
| SOCORRO INDEPENDENT SCHOOL DISTRICT, | § | (TC# 2021-DCV-1007) |
| | § | |
| Appellee. | | |

## CONCURRING OPINION

I concur in the judgment; however, I write separately because I believe the trial court abused its discretion by conducting a hearing on appellee's motion to dismiss for want of prosecution with less than 24 hours' notice.

## BACKGROUND

On December 15, 2022, at 4:34 p.m., appellee filed a motion to dismiss for want of prosecution. The certificate of service states the motion was sent to appellants' counsel on that same date. The trial court set a dismissal hearing for 10:00 a.m. the following day. The record is silent as to what time the notice of the December 16 dismissal hearing was sent to the attorneys of

record. Appellants' attorney did not appear at the dismissal hearing, and the court dismissed the case, both sua sponte and on appellee's motion. Appellants filed their response to appellee's motion to dismiss on December 19, 2022—the next business day after the dismissal hearing—outlining the actions they had taken to pursue their claims. The trial court signed an order of dismissal on January 5, 2023, and the clerk sent notice of the dismissal on January 9, 2023. The order dismissing the case states that despite "[d]ue notice," appellants' attorney did not appear at the dismissal hearing.

## APPLICABLE LAW

"A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." TEX. R. CIV. P. 165a(1). "Notice of the court's intention to dismiss and the date and place of the dismissal hearing must be sent by the clerk to the parties as provided in Rule 21(f)(10)." *Id.* With exceptions that do not apply here, Rule 21(f)(10) provides that "the clerk must send orders, notices, and other documents to the parties electronically through an electronic filing service provider certified by the Office of Court Administration." *Id.* 21(f)(10)(A). "An application to the court for an order and notice of any court proceeding, as defined in Rule 21d(a), not presented during a court proceeding, must be served upon all other parties not less than three days before the time specified for the court proceeding, unless otherwise provided by these rules or shortened by the court." *Id.* 21(b).

A trial court can shorten Rule 21's notice requirement, and we review a trial court's decision to conduct a hearing on a motion prior to the Rule 21 notice period expiring for an abuse of discretion. *Cotten v. Briley*, 517 S.W.3d 177, 185 (Tex. App.—Texarkana 2017, no pet.). In

deciding to shorten Rule 21's notice period, the trial court may consider any exigent circumstances of the case or the limited course of action available to the other party or the trial court. *Id.*; *see Monroy v. Estrada*, 149 S.W.3d 847, 854-55 (Tex. App.—El Paso 2004, no pet.) (reviewing cases that demonstrated what is meant by "exigent circumstances").

"Appellate courts have generally discouraged trial courts from shortening the applicable notice periods for hearings which result in a dismissal of a plaintiff's suit." *In re C.S.*, 264 S.W.3d 864, 871 (Tex. App.—Waco 2008, no pet.). An action taken by the court that results in a final dismissal of a plaintiff's cause of action without proper notice "involves more than a mere violation of the rules of practice and procedure; such action will constitute [an] abuse of discretion." *Petitt v. Laware*, 715 S.W.2d 688, 691 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). This is so because "it involves the right of a plaintiff . . . who has alleged and filed a cause of action not to be deprived of an opportunity to try his case." *Kuykendall v. Spicer*, 643 S.W.2d 776, 778 (Tex. App.—San Antonio 1982, no pet.) (quoting *State v. Perkins*, 143 Tex. 386, 185 S.W.2d 975, 977 (1945)). "A dismissal without notice violates the party's due-process rights and must be reversed." *Palmer v. Off. of the Att'y Gen.*, 656 S.W.3d 640, 645 (Tex. App.—El Paso 2022, no pet.); *see also Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999) ("The failure to provide adequate notice of the trial court's intent to dismiss for want of prosecution requires reversal.").

Here, the sole ground stated in appellee's motion to dismiss as a basis to dismiss the case for want of prosecution was as follows:

> This case was set for a motions hearing on Tuesday, December 13, 2022. [Appellee] would request the Court take judicial notice that notice was sent to all attorneys of record via e-service. [Appellants'] counsel did not appear at the hearing. Phone calls were made by court personnel and [appellee's] counsel,

3

without success. This case is set for trial by jury in January, 2023. [Appellee] would request the Court take judicial notice that there's been no activity by [appellants] since May of 2022. A copy of the docket sheet is attached hereto as Exhibit A and incorporated by reference.

[Appellee] would request the Court dismiss this case for want of prosecution. [Appellants'] counsel failed to appear at the motions hearings and there's been no activity in this file for some seven months.

At the hearing on the motion to dismiss, appellee's attorney acknowledged the case was set for both mediation and trial. The trial court heard only the testimony of the court coordinator as set forth in the majority's opinion. No evidence was presented providing a basis for shortening the Rule 21 notice period. *See Cotten*, 517 S.W.3d at 186 ("Taking into account the Cottens' desire to have a final, appealable judgment as to all parties, the lack of surprise as to the contents of the motion to strike, and that the trial court could not consider the second amended petition's allegations against Stroman and Lake Country, we cannot say that the trial court acted arbitrarily or unreasonably in shortening the notice period under Rule 21."); *Petitt*, 715 S.W.2d at 691 (exigent circumstances included appellant's notice of deposition, which was received by appellee only three days prior to the scheduled deposition, and the problems such short notice presented to appellee's attorney in preparing appellee who lived in Austin; and the hearing in question did not involve an ultimate matter in the case but only a question of procedure).

On this record, I believe the trial court erred by shortening the notice period without a basis for doing so. *In re Keck*, 329 S.W.3d 658, 662 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("To the extent the record can be read as suggesting that the court shortened the notice period as permitted by Section 21, the court abused its discretion in so doing. The record does not reflect any basis for shortening the notice period. Keck was left without an ability to prepare a response

to the motion or the new evidence."). Therefore, I agree the cause should be remanded to the trial court to be reinstated on its docket.

SANDEE BRYAN MARION, Chief Justice (Ret.)

December 21, 2023

Before Palafox, J., Soto, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)